PATRICK MURRAY *vs.* GEORGE KLINZING.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Every deed to be effectual to convey land must be upon consideration; otherwise there will be a resulting trust in favor of the grantor. A deed in which the consideration is stated as " —— dollars," *held* to be sufficient.

Any alteration in a deed, to render it void, must be a material one; that is, one which causes the deed to speak a language different in legal effect from that which it spoke originally.

A map or diagram drawn on a deed properly admitted in evidence, in such relation to, or connection with, the descriptive words of the deed as to indicate to any reasonable person that the grantor intended it to be taken as a part of the description of the land conveyed by such deed, is itself admissible in evidence and may be treated as a part of the deed although not referred to in the deed itself.

[Argued January 17th—decided February 19th, 1894.]

ACTION for unlawful entry upon land of the plaintiff and tearing down his fence ; brought originally before a justice of the peace and thence by the plaintiff's appeal to the Court of Common Pleas in Fairfield County where the court, *Curtis, J.,*

rendered judgment for the defendant and the plaintiff appealed to this court. *No error.*

The defendant admitted entering upon the land described in the complaint, but alleged that he did so as the servant and by the direction of The Danbury & Bethel Horse Railway Company, and that said company had the right to enter upon the same. The other paragraphs of his defense were as follows:

"2. On the 5th day of April, 1888, the plaintiff executed and delivered to the said Horse Railway Co., a deed with full covenants of seizin, a certain piece of land south of and adjoining the land described in the complaint, which said land was bounded and described as follows: north by a new road laid out on grantor's land, east by grantor's land, south by land of said Railway Company, and west by the highway.

"3. That under said deed the said Railway Co. went into possession of said land, and was in possession thereof at the time of the acts alleged in the plaintiff's complaint.

"4. That afterwards the new road described in said deed was opened, laid out and graded by the plaintiff, and the said Railway Company entered upon and used the same as a highway by its servants and employees.

"5. That the plaintiff is estopped from denying the right of the said Company by its servants, employees and agents to use said land so laid out as a highway."

These averments were all denied by the plaintiff.

On the trial the defendant offered in evidence the said deed dated April 5, 1888, from the plaintiff to the said railway company, in which the land conveyed was described as set out in the second paragraph of defense. The plaintiff objected to the said deed being received on the grounds:—(1) That the plaintiff never executed it; (2) that subsequent to its execution and delivery a material alteration had been made therein; and (3) that after said alteration the said deed was never re-executed. As to these objections the court found:— That the said deed was executed and delivered by the plaintiff to the said railway company; that at the time of such execution and delivery the consideration clause therein read,—

" for the consideration of      dollars," etc.; that afterwards on the 8th day of April, 1888, the said blank was filled by writing in the words " four hundred and fifty-six," which sum was the real consideration paid by said railway company to the plaintiff for the land conveyed in said deed; and that this was done in the presence of the plaintiff, and with his full knowledge and consent; and accordingly admitted said deed in evidence.

The court also found that there was and is on said deed a map or diagram showing or defining the land conveyed, and describing the northern boundary as " Patrick Murray's new road." There is in said deed no reference to such diagram or map.

The defendant also offered in evidence another deed from the plaintiff to the said railway company dated the 12th day of July, 1887, in which the land conveyed is described as bounded " north by a new street to be opened by the grantor." To this deed the plaintiff objected on the ground that it had never been executed and delivered. The court found it had been duly executed and delivered and admitted it in evidence.

The court also found that the land on which the defendant entered, was the land described in said last mentioned deed as " a new street to be opened by the grantor;" and in the said first mentioned deed as " a new road laid out on grantor's land," and as " Patrick Murray's new road;" that after the giving of said deeds, to wit, in December, 1888, the plaintiff did lay out and work a new road along the northern boundary line of the land deeded by him to the railway company, by plowing and rounding the ground into the form and shape of a well-defined road, and opened the same to the public. Subsequently, to wit, about seven months thereafter, but before the public used the same, he closed the said roadway by erecting a fence across its entrance to the highway; and that the acts complained of were the using by the defendant of only so much of said premises as was sufficient to give said company a reasonable and convenient right of way along the northern boundary of the land acquired by said deeds to the highway; and that said using was in a reasonable manner.

The court found the issues for the defendant and for the defendant to recover his costs.

*James E. Walsh*, for the appellant (plaintiff).

I. "If a deed of land is altered in a material point even by consent of the parties after it has been executed according to the statute, it will be invalid unless re-executed." 1 Swift's Digest, side page 126. "If the alteration be material, though by consent of the parties, the deed is fatally defective without a new attestation and a new acknowledgment." *Coit* v. *Starkweather*, 8 Conn., 292 ; *Lewis* v. *Payn*, 8 Cowen, page 7. But the alterations are material. An alteration which makes an instrument speak a different language in legal effect is a material one. So of an alteration which changes the obligation of the parties, and the supplying of that which the law would not imply. 1 Greenleaf on Evidence, §§ 565, 566, 567. Inserting or erasing words expressive of a consideration is a material alteration. American and English Encyclopedia of Law, vol. 1, page 509. The deed as originally executed operated only as a resulting trust in favor of the grantor because it was without consideration. 1 Swift's Dig., side page 127 ; *Belden* v. *Seymour*, 8 Conn., 304 ; *Meeker* v. *Meeker*, 16 id., 386. The subsequent insertion of a consideration would make the deed an absolute one, carrying the beneficial interests to the grantee, thus changing materially the obligation of the parties and making the instrument speak a different language in legal effect.

II. But if the deeds were properly admitted they do not show an intent to grant the railway company a right of way in addition to the land conveyed which, it should be noted, is set out in exact feet and inches. In this state the question of intent is an important one, and the deeds must be construed to effectuate intent. *Bryan* v. *Bradley*, 16 Conn., 486 ; *Roberti* v. *Atwater*, 43 id., 545.

The defendant does not claim that the new road was a necessary appurtenance to the estate granted to the railway company. He simply claims, it seems, that because of the description in the deeds the company is entitled to the use

of the premises as a way, though such use be a mere whim or through caprice, and though the road is never opened by the grantee. Let us examine the law upon that point :

An easement may be created where there is a reference in the deed to a plan or another writing which sets out the easement, as where land is sold by reference to a plan upon which are marked out on land belonging to the grantor, streets, alleys, or public squares. *Pierce* v. *Roberts,* 57 Conn., 31 ; *Derby* v. *Alling,* 40 id., 410 ; *Taylor* v. *Hopper,* 62 N. Y., 649 ; *Smyles* v. *Hastings,* 22 id., 217. Unless the deed does refer to a plan made or adopted by the grantor showing the right of way no easement is given, where no way exists in fact, because of the mere recital of a way in the deed as a boundary. Washburne on Easements, page 169 ; *Bushman* v. *Gibbons,* 15 Neb. 676 ; *Hopkinson* v. *McKnight,* 31 N. J. L. 422 ; *Harding* v. *Wilson,* 2 B. & C. 96 ; *Roberts* v. *Karr,* 1 Taunt., 495 ; *Underwood* v. *Stuyvessant,* 19 Johns., 181 ; *Darker* v. *Beck,* 32 N. Y. St. Rep., 193 ; *Bloomfield* v. *Ketcham,* 32 N. Y. S. C. 218 ; *Jackson* v. *Hathaway,* 15 Johns., 454 ; *Wheeler* v. *Clark,* 58 N. Y., 267.

III. It is clear that the way was not in contemplation of the parties. Nor does it appear that a greater consideration was paid because of the way. To invoke an estoppel in this case would be the means of a positive gain in favor of the railway company instead of preventing fraud upon it, and this is entirely contrary to the doctrine of estoppel. *Savings Bank* v. *Todd,* 47 Conn., 219 ; *Kinney* v. *Whiton,* 44 id., 262. It is also very clear, from the finding, that the way was never dedicated to the public, or any use made of it by the company so as to bring the case within the ruling laid down in *Derby* v. *Alling,* 40 Conn., 410.

IV. The way must be in actual existence to give the grantee the fee to the center. *Blumer* v. *Johnson,* (Mich.) 5 West., 753; *Gaylord* v. *King,* 142 Mass., 495; 3 N. E. Rep., 90; *Kahler* v. *Kleppinger,* (Pa.) 2 Cent. Rep., 525; *Jackson* v. *Hathaway,* 15 Johns., 447.

V. The map or diagram was not admissible. There is no reference to the deed in such diagram. Nor did the defend-

ant show or even claim that the diagram was made by and with the knowledge and consent of the plaintiff. The defendant can claim no right by virtue of the plan unless he shows this. An unrecorded plot referred to in a deed must be identified as the one to which reference is made. *Weld* v. *Brooks,* 152 Mass., 297; *Bloomfield* v. *Ketcham,* 32 N. Y., S. C., 218. But in this case the deed did not even refer to a plan; *a fortiori* should this plan be totally disregarded where it is not even shown to have been made or adopted by the plaintiff, or placed on the back of the deed with his knowledge or consent.

*Benezet A. Hough,* for the appellee (defendant).

I. It is the undisputed law of the land that when the language used in bounding land conveyed by deed is " bounded by the street," or " bounded by the highway," the grantee takes the fee to the center of the street or highway. *Bingham* v. *Potter,* 52 Conn., 252; *Goodyear* v. *Shanahan,* 43 id., 204; *Geer* v. *Barnum,* 37 id., 23, etc. In this case, however, the northern boundary to the land conveyed is described as, " North by a new street to be opened by the grantor," " North by a new road laid out in grantor's land," " North by said Patrick Murray's new road." And if the way is laid down on a plan referred to in the deed, it carries the right of having it kept open for the use of the granted land. *Stark* v. *Coffin,* 105 Mass., 330; *Falls* v. *Rees,* 74 Penn. St., 439; *Lewis* v. *Beattie,* 105 Mass., 410. The same doctrine is laid down in Devlin on Deeds, Vol. 2, § 1023, etc. *Smyles* v. *Hastings,* 22 N. Y., 217; *Smith* v. *Lock,* 18 Mich., 56; *Walker* v. *City of Worcester,* 6 Gray, 548: *Pierce* v. *Roberts,* 57 Conn., 31.

The plaintiff claims that whatever rights the grantee may have acquired have been lost by nonuse. The case of *Smyles* v. *Hastings, supra,* is a conclusive answer to this claim. See also *City of Hartford* v. *N. Y. & N. E. R. R. Co.,* 59 Conn., 250.

II. The deed was properly admitted. The objections to its acceptance are: 1. That Patrick Murray never executed

it. The court finds as a fact that he did execute it. 2. That subsequent to its execution and delivery a material alteration had been made therein.

We answer: 1. That said alteration was not material. It consisted in filling-in in the blank space left for the purpose, the consideration, viz.: the words "four hundred and fifty six." The consideration is not a material part of the deed. If no consideration were named, or if the actual consideration were not stated, it could be proved by parol. But if it were material, Swift's Digest, Vol. 1, side page 123, says: "Formerly it was holden that where blanks were left in an obligation in a material place, if they were filled up, even with the assent of the parties, after the execution of the instrument, the obligation was void; but this opinion has been overruled, and it is now settled that such blanks may be filled with the assent of the parties." The blank in this case was filled by an attorney of the grantee in the presence of the plaintiff, and with his full knowledge and consent; and the plaintiff reacknowledged the same at said time, in manner and form as appears on said Exhibit "B."

III. Again, the plaintiff is estopped from denying the rights claimed by the defendant. At the time of the conveyance of the property to the grantee, the plaintiff represented in the language of his deeds that the adjoining property, which was his, was to be a road, a street open to the public use, that the grantee would have the full benefit of such a use of the adjoining land. The value of the property was thus enhanced. It was an additional inducement to the paying of the purchase price. He cannot now in justice take away from and deprive his grantee of the rights and privileges purchased.

The doctrine of estoppel is plainly applicable. See *Parker* v. *Smith*, 17 Mass., 411.

ANDREWS, C. J. Most of the questions raised at the trial by the plaintiff's counsel are settled by the finding of facts. Only two remain for this court to examine. The first of these is whether the writing in of the consideration in the

deed of April 5th, 1888, was a material alteration which rendered that deed void.

Every deed which is effectual to convey land must be upon consideration. Thus it is stated in Blackstone's Commentaries, Vol. 2, at page 296, where the requisites of a deed are mentioned:—"Secondly, the deed must be founded upon good and sufficient consideration. * * * A deed also, or other grant, made without any consideration, is, as it were, of no effect; for it is construed to enure, or to be effectual on y to the use of the grantor himself." But the deed of April 5th, was upon a consideration sufficient to rebut a resulting trust. The word "dollars" without any numbers prefixed is enough for that purpose.

An alteration to a deed, to render it void, must be a material one; that is one that causes the deed to speak a language different in legal effect from that which it spoke originally. 1 Greenleaf Ev., § 565. The necessity of a consideration in a deed is to prevent a trust resulting in favor of the grantor, and one valuable consideration does this as well as another. Changing the amount of the consideration does not cause the deed to speak a language differing in its legal effect. Such an alteration is not a material one. *Belden* v. *Seymour*, 8 Conn., 304; *Meeker* v. *Meeker*, 16 id., 387; *Vose* v. *Dolan*, 108 Mass., 155. In many cases after delivery blanks may be filled up so as to complete the grantor's intention. *Devin* v. *Himer*, 29 Iowa, 297; *Clark* v. *Allen*, 34 id., 190; *Field* v. *Stagg*, 52 Mo., 534; *Waugh* v. *Bussell*, 5 Taunton, 707; *Eagleton* v. *Gutteridge*, 11 M. & W., 465; *West* v. *Seward*, 14 id., 47.

The second is whether the court erred in treating the map on the deed as a part of the description of the land therein intended to be conveyed. The court so treated the map and held that the plaintiff had conveyed to the railway company the right to a highway on the north side of its land. The plaintiff's counsel admits that such a course would be correct if there had been in the deed an express reference to the map. But he insists that in absence of such a reference it was error for the court to do so. We are not able to agree with the

counsel. Where a map or a diagram is drawn on a deed in such relation to or connected with the words of the deed as to indicate to any reasonable person that the grantor intended it to be taken as a part of the description, then no reference is needed. It is entirely a question as to what the grantor intended to convey. If the map is on another paper a reference might be necessary in order to identify it. When the map is on the deed itself, the court of necessity must examine it and from it taken together with the words of description determine what the deed conveys.

There is no error.

In this opinion the other judges concurred.