MARY J. FOXWORTHY V. LUCY C. COLBY.

FILED MARCH 19, 1902.   No. 10,915.

Commissioner's opinion, Department No. 1.

Material Alteration of Instrument. The unauthorized insertion of
the word "gold" before the word "dollars" in an instrument,
after its execution and delivery, is a material alteration.

ERROR from the district court for Lancaster county.
Tried below before HOLMES, J.   Reversed.

Charles L. Burr and Lionel C. Burr, for plaintiff in
error.

Flansburg & Williams, contra.

DAY, C.

Lucy C. Colby brought this suit in the district court for
Lancaster county against Mary J. Foxworthy to foreclose
a real estate mortgage executed by her in favor of the
Lombard Investment Company, and by that company as-
signed to the plaintiff. The answer of the defendant
alleged that after the execution and delivery of the bond
and mortgage they were, without the knowledge or consent
of the defendant, fraudulently altered and changed by in-
serting therein the word "gold" before the word "dollars."
The reply was a general denial, and also a plea that de-
fendant had paid nine of the coupons as they became due,
and that each of them contained the word "gold" before
the word "dollars"; that no protest or objection was ever
made by the defendant, but that at all times she expressed
a willingness to pay the note and coupons and discharge
the debt; by reason of which fact it is alleged the defend-
ant is estopped from interposing the defense sought to
be pleaded by the answer. Upon the trial a judgment of
foreclosure was rendered, to review which the defendant
has brought the case to this court by proceedings in error.

Upon the request of the defendant, a jury was called to

determine disputed questions of fact. In response to a special interrogatory the jury found that the note and mortgage in controversy had been wrongfully altered and changed without the knowledge or consent of the defendant, by inserting therein the word "gold" before the word "dollars." The jury also returned a general verdict for the defendant. We deem the finding of the jury unimportant, as, in an equity case, it is only advisory. *Bank of Stockham v. Alter,* 61 Nebr., 359. Besides, the finding of the court with respect to the alterations in the bond and mortgage was in accord with the finding of the jury. The court found that the defendant had paid the semi-annual coupons, which had likewise been altered, and that all of said coupons had been delivered to the defendant, and that she "might have had knowledge of the change and alteration in said bond and mortgage by exercising due care and diligence," but made no complaint thereof, but continued to pay said coupons in manner and form as therein written. This latter finding constitutes the basis for the judgment of the court. One of the errors assigned is that this finding is not supported by sufficient evidence and is contrary to the evidence. The record is clear that defendant had no knowledge that the coupons had been altered or changed. She swears positively that she never examined them when they were returned to her, except casually to ascertain that they had been stamped paid. The finding of the court was not that she did know of the alteration, but that by exercising due care and diligence she might have known it. We do not think the defendant owed any duty to the plaintiff to examine the coupons as they were returned to her after payment; and, if not, she could not be charged with negligence in failing to examine them. Granting that an estoppel is properly pleaded, the facts proved do not sustain it.

It is practically conceded by counsel for the plaintiff that the reasons assigned in the judgment are hardly sufficient to sustain it, but it is insisted that the ultimate decree awarding a foreclosure was right, and should,

therefore, be affirmed. It is contended by plaintiff that the alteration of the instruments by the insertion of the word "gold" is an immaterial alteration. We can not assent to this. A material alteration of an instrument is any alteration which causes it to speak a language different in legal effect from that which it originally spoke. *Bridges v. Winters,* 42 Miss., 135, 97 Am. Dec., 443; *Murray v. Klinzing,* 64 Conn., 78; *Wheelock v. Freeman,* 13 Pick. [Mass.], 165, 168; *Oliver v. Hawley,* 5 Nebr., 439; *Fisherdick v. Hutton,* 44 Nebr., 122. By the terms of the contract as it was originally made, it could have been satisfied and discharged by the payment of the sum named in any currency which was lawful money at the time of the payment. The contract, as modified, could only be discharged by the payment of a specific kind of money. The defendant was by this change deprived of a legal privilege which she enjoyed under the contract she had made. By this alteration the legal effect of her contract was changed. The rule is well settled in this state that a material alteration of a promissory note renders it void, even in the hands of a bona-fide purchaser. *Brown v. Straw,* 6 Nebr., 536; *Savings Bank v. Shaffer,* 9 Nebr., 1; *Hurlbut v. Hall,* 39 Nebr., 889; *Erickson v. First Nat. Bank,* 44 Nebr., 622. The plaintiff cites the case of *Bridges v. Winters,* 42 Miss., 135, to the point that the insertion of the words "in gold" in a promissory note is not a material alteration. An examination of the reasons announced by the court in the case does not support the contention made for it. In the course of the opinion the court says: "The legal liability of the plaintiffs in error on the note in question seems to us the same without the words 'in gold' inserted as with them. The law at the date of this note fixes the legal liability of the plaintiffs in error as to the kind of funds or money this note should be paid in. * * * Could Harris legally discharge or pay money due on the note on the 25th day of May, 1860, in any other currency than gold? He could not." It thus appears that in that case the alteration was held to be immaterial, because

it did not change the legal effect of the note as it was originally made. The rule is well established that contracts to pay a certain number of dollars in gold are enforceable. In *Bronson v. Kimpton,* 75 U. S., 444, it was held that a mortgage given to secure a bond payable in gold was not satisfied by a tender of United States notes equal in nominal amount to the sum named in the bond. *Hittson v. Davenport,* 4 Colo.,169; *McGoon v. Shirk,*54 Ill., 408; *Phillips v. Dugan,* 21 Ohio St., 466; *Walkup v. Houston,* 65 N. Car., 501. It is urged by plaintiff's counsel that, conceding the alteration in the instruments to be material, still it is not shown that the change was made by any party to the transaction, or by any person in privity with him, or by his consent. And it is argued that if the alteration was done by a stranger, it is a mere spoliation, and the rights of the parties are not affected thereby. There is no doubt that if an instrument is changed by a stranger, without the consent of the parties to it, that the rights of the holder will not be affected thereby. *Walton Plow Co. v. Campbell,* 35 Nebr., 173. We fail to see the application of the rule here invoked to the case under consideration. Not only was the contract as changed sought to be enforced, but proof was taken of the officers and employees of the Lombard Investment Company for the purpose of showing that the word "gold" was in the contracts at the time the instruments were executed. One of the witnesses testified that the word "gold" was stamped before the word "dollars" upon all the blanks and forms used by the company at the time the loan was made, and the form of the coupon and mortgage in suit was the form in use at that time. The disputed question in the court below was whether the word "gold" was in the note and mortgage when the instruments were signed and delivered.

We therefore recommend that the judgment be reversed and the cause remanded to the district court for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED AND REMANDED.