GOLDSTEIN v. APPLEBAUM.

1. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—LAND CON-
   TRACT—VENDEE ENTITLED TO SIGNATURE OF VENDOR'S WIFE.
      Where the minds of vendee and vendors met on a pur-
      chase and sale of land, and part of the purchase price
      was paid, but by inadvertence vendor's wife signed only
      one copy of the contract, which was retained by him and
      later refused to sign plaintiff's copy, plaintiff was en-
      titled to a decree requiring her to execute the other copy
      of the contract and providing on her refusal to do so
      that the decree should stand in lieu thereof.

2. SAME—COPIES OF CONTRACT—DUPLICATES.
      Defendants' claim that the copies of the contract are not
      duplicates, held, not supported by the record, where
      plaintiff's copy is attached to the bill of complaint, and
      defendants' attorney describes the vendors' copy as the
      same with the additional signature of vendor's wife.

Appeal from Wayne; Mandell (Henry A.), J. Sub-
mitted April 29, 1921. (Docket No. 48.) Decided
June 6, 1921.

Bill by Henry P. Goldstein against Harry Apple-
baum and others for the execution and delivery of a
land contract. From a decree for plaintiff, defend-
ants appeal. Affirmed.

*Sanders & Metzger*, for plaintiff.

*William Henry Gallagher*, for defendants.

SHARPE, J. The defendant Wienner, acting as re-
ceiver of the copartnership of which Harry Applebaum
and Samuel Furstman were members, contracted to
sell a two-family flat belonging to the firm to plaintiff.

A down payment of $3,500 had been made, the balance of the purchase price ($11,500) to be paid at the rate of $75 or more each month. When the abstract was completed, Wienner discovered that both Applebaum and Furstman had conveyed their interests to certain relatives. The plaintiff's proofs show that an arrangement was then made by which the title was placed in Applebaum and a contract prepared for the sale by him and his wife to plaintiff. The $3,500 paid by plaintiff, less a commission to a real estate man, was paid at Applebaum's request by Wienner to Furstman. The contract was drawn in duplicate. The Applebaums went to Wienner's office to execute it, but by inadvertence only one copy was signed by Mrs. Applebaum. This Applebaum took with him, saying he wanted to show it to a man from whom he was making a loan, but assured Wienner that Mrs. Applebaum would sign the other when presented to her. This she promised to do when asked about it by Wienner over the telephone. When the copy was presented to her by plaintiff, she said she would sign it when her husband came home but afterwards refused to do so. The upper part of the building was occupied by the Applebaums. The key to the lower part was delivered to plaintiff by Mrs. Applebaum in the presence of her husband.

While Mr. and Mrs. Applebaum contradict the plaintiff and his witnesses in many particulars, it is, we think, fairly established by the proofs that the minds of the parties met on a purchase and sale of this property and that Wienner was the agent of the Applebaums to deliver a copy of the contract to plaintiff. Plaintiff was justly entitled to the decree rendered, which required Mrs. Applebaum to execute the copy and provided that on her refusal the decree should stand in lieu thereof.

The claim is made that the copies of the contract

are not duplicates. That retained by Applebaum is not in the record. It was marked Exhibit 4. In preparing the record, defendants' attorney thus describes it:

"4. Land contract, Harry and Anna Applebaum with Henry Goldstein (same as Exhibit 3 with additional signature of Anna Applebaum)."

A copy of the duplicate delivered to plaintiff was attached to the bill of complaint. There is no claim or even suggestion in the answer or the cross-bill filed that it was not a duplicate of that retained by Applebaum.

The decree is affirmed, with costs to plaintiff against the defendants Applebaum.

STEERE, C. J., and WIEST, FELLOWS, STONE, and BIRD, JJ., concurred. MOORE and CLARK, JJ., did not sit.