COHEN *v.* BREDFELD.

1. ALTERATION OF INSTRUMENTS—CONTRACT TO EXCHANGE WIFE'S PROPERTY—CONSENT TO ALTERATION BY WIFE—RELEASE.

Where a contract to exchange property owned by a wife was also signed by her husband, an alteration therein, to which she alone consented, adding a clause for monthly deposits to provide for interest on the incumbrance on the property to be received by them, but which did not increase the indebtedness thereon, did not operate to release them from the contract.

2. SPECIFIC PERFORMANCE—FAILURE OF HUSBAND TO SIGN CONTRACT TO EXCHANGE WIFE'S PROPERTY.

Specific performance of a contract to exchange plaintiff wife's property is not denied because her husband did not sign the copy of the contract given defendants, where he did sign the copy kept by her.

3. EXCHANGE OF PROPERTY — DEFECTS IN TITLE—CONTRACT CONTROLLING.

Where a contract to exchange properties provided fully for the course to be pursued in case the abstracts dis-

---

[1]Alteration of Instruments, 2 C. J. §§ 113, 117; 32 L. R. A. (N. S.) 291; L. R. A. 1918B, 484; 1 R. C. L. 987; 1 R. C. L. Supp. 301; [2]Specific Performance, 36 Cyc. p. 572; [3]Exchange of Property, 23 C. J. § 65 (Anno).

closed defects in title, the parties are bound thereby and must pursue the course agreed upon.

4. SAME—AVOIDING CONTRACT BY RECORDING—INTENT.
 Parties to a contract to exchange properties containing a provision that in event it was recorded it should be void may not, on concluding not to perform, defeat specific performance by recording it and then claiming it is void; such not being the intent of the provision.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted November 3, 1927. (Docket No. 141.) Decided December 1, 1927.

Bill by Dora Cohen against Hazel Bredfeld and others for specific performance of a contract for the exchange of real property. From a decree for plaintiff, defendants appeal. Affirmed.

*Harry H. Levy* and *David Anderson,* for plaintiff.

*Fred C. Cogshall,* for defendants.

WIEST, J. In speaking of defendants we omit Louise Snyder for the reason later mentioned. Defendants appealed from a decree granting specific performance of a written contract between the parties to exchange properties. Plaintiff had an equity in a new apartment and store building in the city of Chicago, defendant Hazel Bredfeld owned property in South Haven, this State, and an exchange was contracted. The contract between the parties is too long to be set forth. Defendants claim they are released from the contract by reason of an alteration therein, not consented to by defendant Arthur L. Bredfeld. After the contract was executed plaintiff was notified, by the holder of an incumbrance on the Chicago property, that monthly deposits of $243.75 would have

---

[4] Exchange of Property, 23 C. J. § 32 (Anno).

to be made to provide for interest.        The contract specifically mentioned the incumbrance and the alteration only called for monthly deposits to take care of interest defendants were to pay.        Plaintiff took the matter up with Hazel Bredfeld and Mrs. Bredfeld, after consulting her Chicago attorney, consented, in writing, to adding of the following words to the contract: "Monthly deposit of $243.75 must be made to provide for interest."

Hazel Bredfeld cannot press the point of an alteration of the contract, for she is bound by her consent to the added clause.        Inasmuch as Mrs. Bredfeld owned the South Haven property, we fail to see any hurt occasioned her husband by her act.        It is true that Mr. Bredfeld joined with his wife in executing the contract and agreed to become obligated with her on a note and is to take title to the Chicago property along with his wife, but, inasmuch as the agreement of the wife did not increase the indebtedness on the Chicago property to be assumed in accordance with the contract, we think the added clause did not void the contract.        The contract was prepared in Illinois, and in that State it is said to be necessary, in order for a married woman to convey perfect title, to have her husband join in the conveyance.        This explains to some extent the reason for Mr. Bredfeld being included as a party to the contract.

Plaintiff's husband did not sign the copy of the contract given defendants, not being present when the others signed, but did sign the copy kept by plaintiff. We find nothing in this to excuse defendants from performance.        See *Goldstein* v. *Applebaum*, 214 Mich. 538.

Defendants claim the abstract of the Chicago property shows mechanics' liens and records in Chicago show suits pending there on such liens.

In the agreement the parties provided:

"It is mutually agreed, that each party is to furnish the other within a reasonable time from the date hereof, a complete merchantable abstract of title, or merchantable copy thereof, brought down to cover this date, or merchantable title guaranty policy made by Chicago Title & Trust Company showing good and sufficient title at date of this contract in the respective parties hereto to · the property · hereby agreed to be conveyed by them.

. "It is further mutually agreed, that in case an abstract or copy be furnished, the party so receiving same shall within ten days after receiving such abstract or copy deliver to the other party or his agent (together with the abstract) a note or memorandum in writing, signed by him or his attorney, specifying in detail the objections he makes to the title, if any; or if none, then stating in substance that the same is satisfactory.

"In case material defects be found in said title, and so reported, then if such defects be not cured within sixty days after such notice thereof, this contract shall at the option of the party delivering such objections become absolutely null and void; notice of such election to be given to the other party; but the party delivering such objections may nevertheless elect to take such title ·as it then is, and in such case the other party shall convey as above agreed; provided, however, that ·such party delivering such objections shall have first given a written notice of such election, within ten days after the expiration of the said sixty days and tendered performance hereof on his part.    In default of such notice of election to receive such title and accompanying tender within the time so limited, the party delivering such objections shall, without further action by either party, be deemed to have abandoned his claim upon said premises and thereupon this contract shall cease to have any force or effect as against said premises, or the title thereto, or any right or interest therein, but not otherwise."

This covers the subject, and the course agreed upon must be pursued.

The contract provided that in the event it was recorded it should be void.    When defendants con-

cluded not to perform they placed the contract of record in Chicago, and now assert that such recording rendered the contract void. Why this provision was placed in the contract is not manifest, but it is certain that it was not intended, and should not be permitted, to serve the purpose attempted by defendants. Defendants are entitled to have what the contract calls for and plaintiff has the same right.

After the contract was signed defendants Bredfeld conveyed the South Haven property to defendant Louise Snyder. It is admitted that Louise Snyder has no rights as against plaintiff.

The decree in the circuit is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, NORTH, FLANNIGAN, FELLOWS, CLARK, and McDONALD, JJ., concurred.