552

BROWN, J., dissenting:

A part of the material evidence on which this man was convicted in the County Court was obtained by an unlawful search of his person. Due objection was made by defendant. I think the admission of this evidence was a ''departure from the essential requirements of the law,'' and that the Circuit Court should have reversed the judgment of the County Court. See Brinson v. Tharin, 99 Fla. 696, 127 So. 313.

MEXICAN CRUDE RUBBER COMPANY, a corporation, *Appellant*, v. CLARA ACKLEY, joined by her husband, S. K. ACKLEY, *Appellee.*

Division B.

On Rehearing.

Original Opinion filed December 16, 1930.

Petition for rehearing granted February 4, 1931.

Opinion on rehearing filed May 8, 1931.

*Huffaker & Edwards,* for Appellant;

*Johnson, Bosarge & Allen* and *Peterson, Carver, Langston & O'Quin,* for Appellee.

554

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the order of the court below should be, and the same is hereby reversed with directions to the court below to enter an order sustaining the demurrer of the defendant to the bill of complaint as amended.

TERRELL, C.J., AND WHITFIELD, ELLIS AND BUFORD, J.J., concur.

STRUM, AND BROWN, J.J., dissent.

STRUM, J., (dissenting):

I think the allegation as to the unauthorized and unratified striking of the assumptive clause after execution of the deed is a charge of material alteration which requires a response from defendant.

BROWN, J., concurs.

---

## ON REHEARING.

DAVIS, J.—This was a suit for cancellation of a deed on the theory that it was wholly void. The court below over-ruled a demurrer to the bill of complaint and this decree was reversed by this court in an opinion filed December 16, 1930.

Re-hearing has been granted and the case re-argued before Division B. It is again insisted that the deed should be cancelled on two grounds (1) that the deed was an unaccepted offer of a contract which never resulted in a valid agreement because the deed was materially changed before its delivery by eliminating therefrom a mortgage assumption clause; (2) that the deed was void because it was made by a married woman and contained no grantee at the time it was executed and acknowledged.

The object of this suit is to cancel the deed itself. The record of it is not sought to be cancelled on the theory that the record shows something of record in the form of a deed which does not legally exist. Reformation or rescission are both omitted from the theory of complainant's case.

In a recent opinion handed down by this Court it was said by Mr. Chief Justice Buford in Shell Creek Land Co. v. Watson, opinion filed April 13, 1931:

"Cancellation will not be decreed for mistake where reformation of the instrument will furnish an adequate remedy. Where an agreement had been actually entered into, but the contract, deed or other instrument, in its written form, does not express what was really intended by the parties thereto, equity has jurisdiction to reform the written instrument so as to make it conform to the intention, agreement and understanding of all the parties."

So insofar as the mortgage assumption clause is concerned, complainant's remedy is to have the deed reformed to re-insert such clause rather than to ask that such deed be cancelled in its entirety.

The elimination of the mortgage assumption clause was, it is true, in one sense a material alteration, but since such assumption clause was merely an undertaking in the

deed on the part of the grantee which could have rested in a separate agreement or even in parol, it was in a strict sense of the word no part of the deed itself insofar as the deed operated as a conveyance of the land. Therefore the alteration of the deed by the elimination of this separate, independent provision on the part of the grantee tho for grantor's benefit, was not so material as to render the whole deed void as a conveyance of the land and subject to cancellation on that theory.

In Woods v. Hildebrand, 46 Mo. 284, 2 Am. Rep. 513, it is said:

"It is a mistake to suppose that an alteration in a deed of conveyance, after delivery, operates to reconvey the title to the original grantor. A total destruction of the instrument will not have that effect, but the title remains in the grantee, and he may bring ejectment on it. The title passed by deed; it has performed its office, and its continued existence or integrity is not essential to the title, although a fraudulent and material change may disable the holder from bringing an action upon its covenants."

Neither can we sustain the contention that there was no meeting of the minds of the parties because the deed contained no name of a grantee when it was executed and acknowledged by the grantor, a married woman, or because the mortgage assumption clause had been eliminated.

In its previous opinion, this Court held that a married woman will be estopped, in a bill brought by her to cancel a deed, from claiming that the deed executed by her was invalid by reason of the name of the grantee being inserted therein after the execution thereof.

We are cognizant of the general rule invoked by appellee to the effect that contracts of married women cannot

be given effect by estoppel but such rule has no application to the case at bar.

Here the estoppel arises out of the married woman's acknowledgment of the instrument executed by her as a deed. The officer's certificate of acknowledgment recites that Mrs. Ackley executed a *deed*. This certificate was completed and Mrs. Ackley certainly had knowledge of it before the *deed* was delivered with such certificate attached to it. Having acknowledged that she executed a *deed*, Mrs. Ackley is estopped to deny that such instrument was a deed, merely because when acknowledged tho deed had no grantee named in it. Therefore the deed was not void whatever may be its insufficiency otherwise.

Married women have heretofore been held estopped by recitals in an officer's certificate of acknowledgment to papers which as married women they had the legal right to execute with reference to their property, when there was no showing that such married woman was not actually before the officer who made the certificate.

The rule as stated in Green v. First National Bank, 85 Fla. 51, 95 So. 251, is:

"The certificate of the officer as to the acknowledgment of the execution of a deed of conveyance or mortgage made before him is a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is, in the absence of fraud or duress, conclusive as to the facts stated in the official certificate. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character."

This rule was applied to married women in the case of Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31,

where it was held that the unsupported denial of a married woman that she voluntarily executed a mortgage would not prevail over the certificate of the officer taking the acknowledgment.

No good reason appears to exist why a married woman should be allowed to achieve the same inequitable result by admitting that she did execute and acknowledge the instrument as stated in the officer's certificate of acknowledgment but that the instrument so executed altho recited to be a deed and delivered by her as a deed, was nevertheless void as such because the name of the grantee was omitted, thereby making it according to her contention, not a deed at all.

The previous holding of this Court must be adhered to on this re-hearing and the decree reversed and the cause remanded for such further proceedings as may be consistent with this opinion.

Decree reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS, J., agrees to the conclusion reached upon the reasoning in the first opinion.

BROWN, J., dissents.

CITY OF DAYTONA BEACH, FLORIDA, a municipal corporation organized and existing under the laws of the State of Florida, *Appellant*, vs. THE STATE OF FLORIDA and CHAS. H. WILSON, *Appellees*.

Division B.

Opinion filed January 10, 1931.