STATE BANK OF EDGAR, APPELLEE, V. MERRILL P. JORDAN, APPELLANT.

FILED MAY 10, 1935. No. 29278.

*John M. Paul, Stiner & Boslaugh* and *L. R. Stiner,* for appellant.

*F. C. Radke, C. L. Stewart, John S. Logan* and *L. T. Fleetwood, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and REDICK, District Judge.

DAY, J.

The State Bank of Edgar filed a suit against Merrill P. Jordan and C. H. Jordan to foreclose a mortgage given as security for a note. The defendants filed an answer in which they alleged that the note was executed for $2,514.81, and that after the making, execution, and delivery, the same was altered by the plaintiff in that the amount was changed to $2,614.81, which material al-

teration was made without the consent, authority, or knowledge of the defendants. The defendants further allege that the sheriff has in his custody the proceeds of the sale of the personal. property of Merrill P. Jordan in the sum of $264, which money is his property, and he asked that the same be paid to him. The plaintiff filed a reply to the answer of the defendants and, in addition to denying the allegations, alleged that, upon the specific agreement and understanding with Merrill P. Jordan, the plaintiff was given the right to and did change the figures in the note. The property secured by the mortgage was converted into cash and is in the hands of a trustee appointed by the court, and it was stipulated that if the plaintiff was entitled to a foreclosure the money should be ordered paid to him, otherwise paid to the defendant Merrill P. Jordan. The court found in favor of C. H. Jordan, although he had no interest in the chattels covered by the mortgage, and the only relief sought was an application of the proceeds to the indebtedness represented by the note. The trial court found in favor of plaintiff and ordered the money ($264) in the hands of the sheriff turned over to it as per stipulation. The defendant Merrill P. Jordan appears here as appellant and, for convenience, reference hereafter to the defendant refers to Merrill P. Jordan, as there is no issue in this court between the plaintiff and defendant C. H. Jordan.

The question for our determination here is whether under the pleadings and the evidence the plaintiff was entitled to a foreclosure of its chattel mortgage. The plaintiff admits that the alteration of the amount of a promissory note and a mortgage securing it is a material alteration. Comp. St. 1929, sec. 62-807; *Foxworthy v. Colby*, 64 Neb. 216. But it is insisted that a material alteration may be ratified to the effect that the whole contract is binding. "A material alteration, already made, may be ratified and adopted subsequently; and in such case the instrument, as altered, will be binding." *State v. Paxton*, 65 Neb. 110.

Ratification of a material alteration already made must be pleaded in order to be available to the plaintiff. In *Erickson v. First Nat. Bank of Oakland,* 44 Neb. 622, it was held: "Where a promissory note has been materially altered without the knowledge or consent of the maker, and the holder relies upon a subsequent ratification of the instrument by the maker, such ratification must be pleaded in order to be of any avail."

The language of the plaintiff's reply is as follows: "Plaintiff alleges that upon the specific agreement and understanding with Merrill P. Jordan, * * * the plaintiff was given the right to and did change the figures set forth in the note, * * * and at said time the defendant Merrill P. Jordan said that he would tell his father, C. H. Jordan, of said alteration of said note, and if he disagreed or did not approve of said alteration, then in that event the said Merrill P. Jordan would come in the company of said C. H. Jordan to the bank, * * * and there make out the note in the proper amount and execute the same and deliver it to said bank."

The reply pleads an authorization by defendant to make the alteration. There is no evidence to support this allegation. It was also alleged that defendant would see his father, C. H. Jordan, and if the father did not approve of the alteration, they would come to the bank and execute a new note for a proper amount. There is no evidence that C. H. Jordan, who called at the bank afterwards, ever ratified the alteration. This does not allege a ratification of the alteration by defendant. While we are of the opinion that the reply does not plead a ratification, the question is not important in this case, since the evidence would not support such a pleading. True, the cashier and the president of the bank testify that Merrill P. Jordan admitted that there was an error of $100, and that he never questioned the amount of the note, and that the first objection made was after the note was due. Cashier Martin had the conversation with defendant Merrill P. Jordan. President Warren testified that he overheard the

conversation and testified that Merrill P. Jordan agreed to the change and raised no objection to it. The defendant Merrill P. Jordan denied that he agreed to the change and testified that he did object. It is argued that, although the burden of proof is upon the plaintiff to establish ratification, the evidence preponderates in its favor. But certain testimony of the cashier and president of the bank corroborates the defendant so strongly that we are constrained to hold that the evidence does not support a finding of ratification. The cashier, Martin, testified that he notified Merrill P. Jordan several times and he came in and talked to him on several occasions about the amount of the note. He testified that he called Merrill P. Jordan into the bank at his first opportunity, two or three weeks after the execution of the note and mortgage, and called his attention to the fact that he had changed the note to correspond to the old note; that at the time defendant looked in his pockets and did not have the old note, and he told him to bring in the old note. If defendant ratified the alteration, what occasion could there be to look for the old note, and what reason could there be for the cashier to call the defendant in on several occasions to talk about the amount of the mortgage and the note? It would seem that the witness, Martin, was mistaken in his testimony that the defendant ratified the alteration. The president, Warren, never discussed the matter with the defendant. He testified as to conclusions he reached from overhearing his conversation with the cashier, Martin, that he agreed to the change. This witness could not remember the substance of the conversation, and in view of the other evidence we conclude that he was mistaken. In view of these conclusions, the judgment of the trial court must be reversed and remanded for new trial.

REVERSED.