[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Orchard Properties, a partnership (Orchard), seeks specific performance by the defendant Lance R. Eriksen (Eriksen) of the purchase of 27 acres in Washington for $395,000. Eriksen by his counterclaim seeks a return of the $39,500 deposit which accompanied an agreement dated August 7, 1990 concerning the property.
On July 12, 1990 Eriksen signed a written offer to purchase the 27.8 acres in Washington for $395,000. This offer, which was accepted on July 14th by Robin Fuchs, a partner of Orchard, described the premises to be "Parcel #5, Kinney Hill Road, Washington, Ct" consisting of an "approved building parcel" of 27.804 more or less acres. The offer also provided that Orchard would build at its expense a gravel driveway to the house site on the lot "to the satisfaction of" the buyer and the seller. A deposit of $3,250.00 accompanied the offer.
On July 26, 1990 counsel for Orchard forwarded a printed contract form for the purchase of the property to the attorney for Eriksen as agreed in the offer to purchase. Eriksen signed and dated that document on August 7, 1990 after adding some provisions to the contract concerning his right to review the driveway specifications, the declaration of restrictions and added provisions concerning covenants and orchard's right CT Page 1825 of way to an adjacent lot (lot #4) over lot #5. The provisions concerning the right of way consisted of ten paragraphs which covered the respective responsibilities of Orchard and Eriksen to construct and maintain that right of way and install utilities within it.
The contract also provided for a designation on a map of the location of the gravel driveway to Eriksen's house site and for the designation of the driveway contractor and his bid price.
This contract provided that Orchard had the right to withdraw the proposed agreement at its sole discretion, up to the time Orchard and Eriksen executed and delivered it and of receipt of the full down payment of ten percent. The signed contract was returned to Orchard's counsel who continued to forward materials to Eriksen's counsel concerning property use restrictions and the driveway specifications.
The signed contract was accompanied by a $39,500 deposit which Orchard's counsel had indicates he would keep in an escrow account.
The parties did not agree on the specifications of the driveway and on August 24, 1990, Eriksen's attorney informed Orchard's attorney that Eriksen did not wish to negotiate further in connection with the proposed contract that the specifications for the driveway previously submitted were not satisfactory and that the deposit should be returned. Sometime thereafter Orchard executed the contract with some added provisions.
In the interim, Eriksen requested that a hard surfaced driveway to the house site be constructed and, after some discussion Orchard agreed to construct such a driveway. Orchard's attorney did inform Eriksen's attorney of Orchard's willingness to do so before Eriksen withdrew and that Orchard stood ready to go on with the closing. Not hearing further that Eriksen would close the transaction and hearing nothing more about the proposed driveway, Orchard brought this lawsuit.
The fair market value of parcel #5 is presently $400,000 if a $50,000 driveway is properly constructed upon it, or $350,000 without such a driveway.
 I.
The contract dated August 7, 1990 and signed by Eriksen is by its terms only an agreement when executed by both parties and delivered and the full 10% deposit receipted by Orchard. The evidence is clear that Orchard only executed a similar agreement after Eriksen had in writing and by his attorney withdrawn his assent to the agreement. In these circumstances the court can find no enforceable written agreement.
A contract is not made so long as, in the contemplation of the parties, something remains to be done to establish the contractual relation. The law does not make a contract when the parties intend none, nor does it CT Page 1826 regard an arrangement as completed which the parties regard as incomplete. Klein v. Chatfield, 166 Conn. 76, 80; New Haven Tile Floor Covering Co. v. Roman, 137 Conn. 462, 464; J. B. Western Auto Park Associates v. Hartford Redevelopment Agency, 24 Conn. App. 36, 41.
Although a memorandum is sufficient even though it does not recite the underlying contract in its entirety it must provide reliable written evidence that the parties have come to a complete agreement. Lynch v. Davis,181 Conn. 434, 440. Restatement of Contracts 2d 207.
Here the court can find no agreement at all, for the reason that no mutual obligation ever arose. See Gurfien v. Weoblasky, 97 Conn. 703 at 707.
Accordingly, the court is constrained to deny the plaintiff's request for specific performance as to Count One.
 II.
The plaintiff alternatively seeks specific performance of the July 12, 1990 offer to purchase. This paper states that "the buyer", Eriksen offers to pay $395,000 for "Parcel #5, Kinney Hill Road, Washington, Ct consisting of [an] approved building parcel of 27.804 more or less acres" and that "the seller" Orchard accepted that offer. The document further provides that within two weeks of acceptance the parties will enter into and execute a contract of sale but in the event the contract is not so executed "this binder shall be construed as the contract and shall remain in full force and effect until closing of title."
The defendant argues that this document is not a written contract of sale and may not be enforced. The task of distinguishing between a proposal to later enter into a contract and a contract requires the court to ultimately focus on the intent of the parties. Cutler Development Corp. v. Peluso, 212 Conn. 107, 113.
The defendant argues that the circumstances require the court to find no contract since the binder was prepared by a real estate broker and not by an attorney, only required a 1% payment and looked forward to a contract of sale to be drawn and executed. Were the binder to condition an agreement upon the drafting and execution of a contract of sale, the court would agree. However, the court is forced to recognize the effect of the plain meaning of the language used in the document. "The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used." Connecticut Co. v. Division 425, 147 Conn. 608, 616-617. Fowler v. Weiss, 15 Conn. App. 690, 693.
The language of the binder clearly and definitively provides that in the absence of a later contract of sale the binder constitutes the contract. The court is thereby required to find a contract. CT Page 1827
The defendant argues that the August 7th contract language and uncontroverted evidence reveal that Orchard was reserving over parcel #5, a right of way from the public highway to its parcel #4, a lot which would be otherwise landlocked. This reservation is not reflected in the July 12, 1990 paper, moreover, and only by reference to the Orchard subdivision map which shows such a right of way or by parol evidence may the court find this material reservation which was in fact agreed upon by the parties.
There is no direct or specific reference to the subdivision map which sets out the existence and location of right of way. There is no specific reference to the map, nor is it part of or attached to the offer. See Murray v. Klinzing, 64 Conn. 78. However, the description of the property may fairly be read to refer to Parcel #5 an approved building parcel on Kinney Hill Road, which corresponds to its map description in the subdivision map. As between Orchard and Eriksen who were both familiar with the subdivision map before signing the offer, it would appear that reference to the map might be proper to establish the fact of reservation of the right of way and its location. See 23 Am.Jur. 3, 63, p. 116. If the court were to consider the map to establish the reservation of the right of way, the many respective burdens of constructing, maintaining and installing utilities in the right of way some 1500 feet long and crossing a 27 acre plot are still not spelled out.
If the court could not refer to the map, the binder simply does not provide such a reserved right of way which was, in fact, contemplated and agreed. It would serve neither party to order specific performance of the accepted offer to purchase which does not, as testified to by both parties, reflect the real agreement of the parties. Furthermore the court ought not to order specific performance of a memorandum contract which does not reflect the true agreement of the parties. DeLuca v. C. W. Blakeslee Sons, 174 Conn. 535, 542; Gendelman v. Mongillo, supra at page 545.
Orchard may have an easement by necessity under such circumstances. Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 398-399. Such an easement would impair, however, the dominion of Eriksen over his own soil and is, in that sense, inherently and unavoidably inequitable. In the circumstances where specific performance of this offer is sought equity should not impose upon Eriksen the duty to pay $395,000.00 or a large building lot where the precise location, limit and route of such a right of way by necessity and its use and burdens of maintenance are not definitely set out. Frumento v. Mezzanotte, 192 Conn. 606, 615; Cameron v. Avonridge, 3 Conn. App. 230.
In any case the, July document is simply too uncertain to require this court to order Eriksen to purchase this 27 acre parcel for $359,000. Burns v. Gould, 172 Conn. 212. Giving the binder language its most favorable interpretation to find certainty, several essential elements of the contract are not set forth in the binder; the respective burdens of the parcel #4 easement and the location and expense and construction plans CT Page 1828 for the driveway on parcel #5. The Statute of Frauds has been held to require that the essentials of the Agreement of the parties can be known from the memorandum itself, without the aid of parol proof or by reference contained therein to some other writing or thing certain. Lynch v. Davis,181 Conn. 434, 438-39; Gendelman v. Mongillo, 96 Conn. 541, 543-4.
The court finds that the layout, location and construction of the driveway was material. The value of the driveway and the effect of it upon fair market value is substantial in relation to the building lot's value. The ten paragraphs concerning the burdens and benefits of the right of way also require the court to find these omitted provisions to be material. See O'Sullivan v. Beogenity [Bergenty], 214 Conn. 641, 652.
The plaintiff is seeking only specific performance and damages incidental to specific performance. The court is therefore required to consider whether, balancing equitable considerations, specific performance of this binder should be ordered. The court heard no evidence that Orchard altered the property to its detriment and for Eriksen's exclusive benefit as to require specific performance, or that the marketability of the property was irreparably harmed. In these circumstances the court will not, having balanced the equities, order specific performance. See the Law of Property (West), chapter 10, Section 10.5, p. 654, and Uniform Law of Land Transactions, Section 2-506.
 III
The defendant is seeking the return of his $39,500 deposit. The evidence is clear, however, that the defendant unreasonably withheld approval of the fully paved driveway that Orchard was willing to construct. It is also clear that by signing the July 12, 1990 paper and the August 7, 1990 agreement that Eriksen sought and did reserve the lot for himself. His actions in so doing for a month and a half in the summer of 1990 and his unreasonable conduct in refusing to continue negotiations caused Orchard to lose the ability to market the property at that time and required Orchard to continue to carry the property. There being no recission of the Agreement to sell by Orchard and Eriksen being in breach of the Agreement it was Eriksen's burden to prove that the damages suffered by Orchard are less that the monies it received from him. Vines v. Orchard Hill, Inc.,181 Conn. 501, 510. The difficulties inherent in presenting such proof are discussed in the Vines case. Neither party undertook at the trial to present evidence directly on this issue or address it in their briefs.
Accordingly, in the interest of fairness, the court will hold a further hearing on this issue on February 28, 1991 at Litchfield at 10:00 a.m.
McDonald, J. CT Page 1829