## OCTOBER TERM, 1875.

---

[No. 707.]

## S. C. FOGUS, APPELLANT, *v.* WARD AND HARRISON, RESPONDENTS.

DEED—CONSTRUCTION OF.—In construing a deed which conveyed all of the undivided one-half of a certain ditch and flume, used to convey the waters of the Truckee River to a certain mill, and in a general sweeping clause was added, "and all the water of said Truckee River which may or can be led or conveyed through said ditch and flume:" *Held,* that the subject-matter of the grant was an undivided half of the ditch and flume and the water of the Truckee River diverted thereby, and the water privilege incident thereto.

IDEM.—From a view of the whole deed, and a comparison of the different clauses therein: *Held,* that by the established rules of construction the last clause in the premises of the deed must be held to refer to the preceding clause and limited to the estate therein particularly described.

APPEAL from the District Court of the Second Judicial District, Washoe County.

*Robert M. Clarke,* for Appellant.

*Ellis & King,* for Respondents.

I. The language of the deed, deliberately adopted, is the sole evidence of the intentions of the parties to the conveyance, for no other evidence, usage or otherwise, was competent or offered in the case, and the case must be decided upon the construction of the language contained in the deed. Is there any room for construction? (Story on Contracts, Sec. 639.)

The deed conveys one-half of the ditch and flume in controversy, minutely and particularly describing them, and then withdrawing their attention from the ditch and flume, the parties to the conveyance proceed to another subject of negotiation and contract between them, that is to say, the waters, *not of the ditch* and flume, but of the Truckee River,—certainly a very distinct thing from the ditch or the waters thereof,—and grants, not the waters of said river diverted by said ditch, and as it might be said, appurtenant thereto, but all of said waters, so far as the same lay in the grant of said Lake, as could possibly be diverted by said ditch or any possible enlargement thereof. Where the grantor was so clear and explicit in granting one-half of the ditch, most accurately and specifically defining it, so now is he equally happy in the terms used. How well chosen and specific they read! Not all the waters of *said ditch,* which the court might reasonably say meant said "half ditch," but emphatically granting all the waters of the said Truckee River which may or can be led, etc. Showing beyond controversy that he not only intended to grant so much of the whole body of said stream to which he was entitled as he had theretofore diverted by means of said ditch, but such greater quantity thereof as might or could be diverted by means of the then existing ditch, etc.; but looking yet forward and to another contingency, grants so much of said stream as can ever be taken by said ditch as the same may be enlarged by the grantee of said conveyance, heirs and assigns, without stint or limit.

The particularity of this provision and description—looking, first, to a use and grant of all the water usually diverted by said ditch and flume, and appurtenant thereto; second, to all that might or could be so diverted thereby; and third, to all that could be carried by an enlarged ditch—certainly argues that the total water was always in the mind of Lake in making the conveyance, and not the half of any then existing and determined water-right.

II. If the ditch and the water are essentially necessary to each other, and so indissolubly associated as to be beyond severance, that familiar principle of the law, that where one thing is granted, whatever is *necessary* to its beneficial use and enjoyment is also granted by implication, is invoked, and the claim is that where all the water is clearly granted, that all the ditch, being necessary to its beneficial use and enjoyment, is also granted. No distinction is to be taken with respect for force or authority, on account of position in the deed, between the clause describing the ditch and those describing the water-right conveyed, both being within the granting clause of the deed and of equal authority. If two things are described in this conveyance, that is to say, but one-half of the water by the grant of one-half of the ditch opposed to the grant of the whole water in express terms, and these two descriptions are of equal authority, the one most favorable to the grantee must be adopted. (*Vance* v. *Fore*, 24 Cal. 436.)

Where there is any ambiguity or uncertainty in the terms of a conveyance, it must be most strongly construed against the grantor. (*Dodge* v. *Walley*, 22 Cal. 224; *Salmen* v. *Wilson*, 41 Cal. 595; *Piper* v. *True*, 36 Cal. 606.)

*Robinson* v. *Imperial S. M. Co.* (5 Nev. 44), seems to view it as an undoubted principle of law that a water-right or privilege might be conveyed independent of any grant of land, and a ditch can only mean land.

III. Another cardinal and sacred principle of the law in the construction of contracts is, that effect shall be given to all parts of the contract, if possible. This may be considered the first if not most important of the canons of

construction. If but one-half of the waters of the ditch is conveyed by this deed, it must be by force of the terms conveying the half of the ditch, and no force or effect would be assigned to the subsequent clauses describing and conveying the water of the river, etc.; for it cannot be possible that only a moiety is conveyed by these latter clauses mentioning "whole," "all," etc., for then equally might the whole of the ditch be claimed under the description of "undivided half," etc., as words would have no meaning. It is not impossible in one clause of a deed of conveyance to describe and convey one-half of a thing, and in another and subsequent clause grant and convey the other half of the same thing.

By the Court, EARLL, J.:

On and prior to the 20th day of January, 1869, one M. C. Lake owned and possessed in fee the whole of the water ditch, flume, franchise and water privilege in controversy in this action, and the parties respectively claim title from him. The defendants claim the whole thereof, under a deed from said Lake to the plaintiff, dated January 20, 1869, the title thus acquired having, by subsequent mesne conveyances, passed from the said plaintiff and vested in Andrew Forbes, the lessor of the defendants. The plaintiff claims an undivided half of said ditch, flume, etc., by virtue of an indenture of lease executed to him by said Lake, subsequent to the execution and delivery of the said deed. The judgment of the court below turned upon the construction of said deed, and it is conceded by the counsel for both parties, that the construction thereof is the only question presented for consideration in this appeal.

So much of the deed as is necessary to be considered reads as follows: "That the said party of the first part, for and in consideration of the sum of one dollar to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, and the further consideration of the large sums of money paid out and expended by the said party of the second part, in repairing, improving,

and, in fact, constructing a certain water-ditch and flume hereinafter described, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto the said party of the second part, and to his heirs and assigns forever, all of the undivided one-half of a certain ditch and flume situate in and near the said town of Reno, and commencing near the southeast corner of what was formerly known as H. Countryman's ranch, and about five hundred feet above the southwest corner of block T, in said town of Reno, and running thence in an easterly direction, crossing Virginia street in said town at Front street, thence through blocks W, X, Y, and S, to S. C. Fogus's mill standing on the south division of the irregular-shaped block bounded on the north by Commercial row, on the east by the forty-foot street east of the town plat, on the south by Front street, and on the west by East street; said ditch and flume being now used to convey the waters of the Truckee River to said mill; together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and all the water of said Truckee River which may or can be led or conveyed through said ditch and flume, or either of them, or as the same may be enlarged at the cost, charge and expense of the party of the second part, his heirs and assigns."

The judgment of the district court seems to have proceeded upon the theory that the last clause in the premises of this deed controls the preceding clauses therein, and that the effect of the words, "and all the water of the Truckee River," etc., was to divest out of Lake, the grantor, and vest in Fogus, the grantee, the whole instead of one-half of the property and water privilege in question; and this theory is now urged on behalf of the defendants in this Court.

The defendants claim that the last clause in the premises or granting part of the deed conveys to the grantee therein, his heirs and assigns, all the water of the Truckee River diverted by the said ditch and flume as the same were then constructed, or as could thereafter be diverted by any en-

largement thereof at the cost and expense of the said grantee, his heirs or assigns; and they argue that, as the use of the entire ditch and flume is essential to the beneficial use and enjoyment of the water thus conveyed, such use, by implication, also vested in said grantee.

The principle that where one thing is granted, whatever is necessary to its beneficial use and enjoyment by implication is also granted, is conceded, but we do not think the principle can properly be applied to the deed under consideration. From a view and comparison of the whole deed, we think it clearly appears that the subject-matter of the grant was an undivided half of the ditch and flume and the water of the Truckee River diverted thereby, and the water privilege incident thereto; and also extending to the grantee, his heirs, etc., the right, at any time, to enlarge the ditch and flume, and to receive the benefits resulting from such enlargement.

Among the rules which are universally observed in the construction of all parts of all kinds of deeds, the following are stated in Sheppard's Touchstone, 86:

"1. That the construction be favorable, and as near to the minds and apparent intents of the parties as possible it may be and law will permit.   *   *   *

"2. That the construction be reasonable, and according to an indifferent and equal understanding; and therefore, if I grant to another, common in all my manor, this shall be expounded to extend to commonable places only, and not in my gardens or orchards, etc.   And if I grant to one estovers out of my manor, he may not by this cut down my fruit trees.   And if one grant to me to dig in all his lands for tin, I may not, by this grant, dig under his house. And if one grant me common for all my beasts, this shall be taken for all my commonable beasts, and not for goats and the like.   And if one grants me all his trees in his manor, by this I shall not have his apple-trees.

"3. That too much regard be not had to the native and proper definition, significations and acceptances of words and sentences, to pervert the simple intentions of the parties.   *   *   *

"4. That the construction be made upon the entire deed, and that one part of it doth help expound another, and that every word (if it may) may take effect and none be rejected, and that all the parts do agree together, and there be no discordance therein. *Ex antecedentibus et consequentibus est optima interpretatio;* for, *turpis est pars quæ cum suo toto non convenit. Maledicta expositio quæ corrumpit textum.* If a man make a feoffment of all his land in D., with common *in omnibus terris suis*, this common shall be intended in the lands granted in D. only, and not elsewhere; for it must be understood *secundum subjectam materiam.*"

In 3 Atk. 136, it is said by Chief Justice Willes that words are not the principal thing in a deed, but the intent and design of the grantor, and the words are to be construed in a manner most agreeable to the meaning of the grantor, and words which are merely insensible are to be rejected. And in *Jackson* v. *Meyers* (3 John. 383), Kent, C. J., states the rule thus: "The intent, when apparent and not repugnant to any rule of law, will control technical terms; for the intent, and not the words, is the essence of every agreement. In the exposition of deeds, the construction must be upon the whole instrument, and with an endeavor to give every part of it meaning and effect."

In *Flagg, Administrator,* v. *Eams et al.* (40 Vt. 22), Kellogg, J., said: "It has always been recognized as a cardinal principle in the interpretation of deeds, that the intention of the grantor, when it is plainly and clearly expressed, or can be collected or ascertained from the deed, is to be observed and carried into effect, unless it is in conflict with some rule of law; and that, whatever is repugnant to the general intention of the deed, or obvious particular intention of the grantor, is rejected, if such intention is consistent with the rules of law."

Applying these rules of construction to the interpretation of this deed, we think there can be no difficulty in arriving at the intention and equal understanding of the parties thereto. Lake was seized and possessed of the entire ditch, flume and water privilege, and in consideration of Fogus

having expended money in the repairing and construction of said ditch and flume, Lake executed this deed, in the first clause of which the grant is specifically limited to an undivided half of the property and water privilege, minutely and particularly describing the same; then follows a general sweeping clause, in which occur the words relied upon by the defendants. But we think the first clause in the premises of the deed clearly indicates the intention of the parties thereto, and that the subsequent general clause must be interpreted as limiting the extent of the grant to its specific and particular description. (2 Story on Cont. Sec. 642; *Doe d. Meyrick* v. *Meyrick*, 2 Excheq. Crompton & Jervis R. 229; *Moor* v. *Magráth*, 1 Cowper, 9.) The precise question presented here was determined in the last case cited, and fully supports our construction of the deed under consideration. That was a case in which one Michael Moor, being seized in fee of an undivided moiety of certain lands in the counties of Mayo and King, in right of his wife, and also seized of certain other lands, etc., in the county of Roscommon, for which the ejectment was brought, and of other lands in the counties of Clare and Galway, the latter of which were his paternal estate, executed a deed, minutely describing the lands in the counties of Mayo and King, and then proceeds as follows: "Together with *all other* the said Michael Moor's *lands, tenements and hereditaments in the kingdom of Ireland.*" It was held that the grantor did not intend to convey any lands but those held in right of his wife; and Lord Mansfield, in delivering the opinion of the court, observed: "It is very common to put in a sweeping clause; and the use and object of it, in general, is to guard against any accidental omission; but in such cases it is meant to refer to estates or things of the same nature and description with those that have been already mentioned."

The case of *Moor* v. *Magrath* is not distinguishable from this; and from a view of the whole deed, and a comparison of the different clauses therein, we are of opinion that, by the established rules of construction, the last clause in the

premises of this deed must be held to refer to the preceding clause, and limited to the estate therein particularly described, together with the further right to the grantee, his heirs and assigns, at any time, and at his or their expense, to enlarge the capacity of the ditch and flume, and receive the benefits accruing from such enlargements.

The judgment of the district court is reversed, and the cause remanded for a new trial.