SUZANNE PIERSON, a *feme sole*, v. NATHAN D. BILL, *et al.*

184 So. 124.
Opinion Filed October 24, 1938.

*A. Melrose Lamar* and *Paty, Warwick & Mooney*, for Appellant;

*Williamson, Cain & Baugher* and *Slugs & Shands,* for Appellees.

WHITFIELD, J.—Even though the deed to McNiell, the Agent of Bill, be a conveyance without warranty of title, the unusual character of the deed and all the circumstances under which the deed was executed were legally sufficient to put the vendee upon notice that inquiry might disclose an outstanding encumbrance of the title; and the evidence shows that Counsel for vendee's agent did take notice of and refer to the peculiar and unusual facts attending the conveyance, but was willing to accept the deed when the agent of the title insurance company expressed a willingness to insure the title.

The deed having stated that the title was subject to specific encumbrances with no statement or implication that the purchaser assumed payment of the encumbrance to the title, it was not necessary to thereafter state in the deed that "the purchaser neither assumes nor agrees to pay the above described mortgages, taxes and assessments"; and when this was stated with a further statement that "it being the intention of both parties to this conveyance that the grantee herein is simply purchasing the equity of the grantor herein in the above described real and personal property," the latter statement being broader than the preceding statement, may fairly be interpreted to cover the possibility or even the probability of other encumbrances than those expressly referred to in the deed; and such enlarged statement taken with the peculiar and unusual character of the deed and the challenged and discussed circumstances attending the conveyance, certainly were amply sufficient to require the agent of the purchaser to make further inquiry as to the title, unless, as seems to have been the case, the purchaser's agent was willing to accept the deed as tendered when the title insurer expressed willingness to insure the title.

ELLIS, C. J., and BUFORD and CHAPMAN, J. J., concur.
TERRELL and BROWN, J. J., dissent.