66 So.2d 238 (1953)
ZAUCHA et ux.
v.
TOWN OF MEDLEY et al.
Supreme Court of Florida, Division A.
July 3, 1953.
Rehearing Denied July 23, 1953.
*239 Samuel Steen, Miami Beach, and Orville L. Rogers, Miami, for appellants.
Dudziak & Migoski and Hudson & Cason, Miami, for appellees.
SEBRING, Justice.
The appellants, who were the plaintiffs below, have appealed from an adverse decree in a suit brought by them to enjoin the Town of Medley, a municipal corporation in Dade County, Florida, from trespassing upon their property, and using a portion thereof as a public street or highway.
The property, which is now located in the Town of Medley, was purchased by the appellants in July 1947. At the time of the purchase, there extended across the property a narrow roadway that was being used for public travel, which fact was known to the appellants. Before consummating the purchase of the property, the appellants had a search made to determine the status of the title. The abstract of title furnished them by the owner, and a recorded plat of the lot in question and adjoining property, on file in the office of the Clerk of the Circuit Court of Dade County, disclosed the existence of a public road across the property but did not show the exact width thereof or its specific location on the ground.
After the appellants had purchased the property and gone into possession, the Town of Medley sought to widen the roadway, claiming the right to do so by reason of the fact that in 1921, prior to the time of the incorporation of the Town, the County of Dade, by appropriate proceedings taken under section 1593, Revised General Statutes, 1920, F.S.A. § 343.05, and duly recorded in the minutes of the Board of County Commissioners, had established a public road, over which the tread of the present road meanders, as "a right-of-way at least sixty (60) feet wide, the north edge of said right-of-way to be at least sixty (60) feet south of present canal"; and that the Town acquired jurisdiction and control of that portion of the right-of-way lying within the municipal limits, by virtue of its incorporation in 1949.
The appellants maintain that inasmuch as the Resolution of the Board of County Commissioners by which the Board acquired the right-of-way was a transfer of an interest in real estate and consequently subject to the recording statute of Florida, section 695.01, Florida Statutes 1951, F.S.A., it should have been filed with the Clerk of the Circuit Court of Dade County, "in order to be good as against bona fide purchasers for value without notice"; that the appellants cannot be charged with notice "since the only road in existence on their property at the time of the purchase corresponded to the road shown on the recorded amended plat * * * thereof, and neither from the abstract nor from the public records in the office of the Circuit Court Clerk could appellants determine the existence of a different or greater right of way since none was recorded. Thus, appellants cannot be charged with either actual or constructive notice of the purported act of the Board of County Commissioners and said act is of no effect as against appellants, who are bona fide purchasers for value without notice."
*240 In some jurisdictions the rule is that purchasers and creditors are charged only by construction with notice of the facts actually exhibited by the record made under the recording statutes, and not with such facts outside of the record itself as might have been ascertained by inquiries which an examination of the record would have induced a prudent man to make. Houston Oil Co. of Texas v. Lane, Tex.Civ.App., 200 S.W. 216; Neas v. Whitener-London Realty Co., 19 Ark. 301, 178 S.W. 390, L.R.A. 1916A, 525, Ann.Cas. 1917B, 780. See also Gilchrist v. Gough, 63 Ind. 576, 30 Am.Rep. 250; Taylor v. Harrison, 47 Tex. 454, 26 Am.Rep. 304.
But this is not the law in Florida. As the rule is stated in Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127, affirmed 105 Fla. 245, 143 So. 648, motion for rehearing denied, 105 Fla. 245, 144 So. 481, "* * * the record is constructive notice to creditors and subsequent purchasers not only of its own existence and contents, but of such other facts as those concerned with it would have learned from the record, if it had been examined, and inquiries suggested by it, duly prosecuted, would have disclosed. * * * If, in the investigation of a title, a purchaser, with common prudence, must have been apprised of another right, notice of that right is presumed as a matter of implied actual notice." Thus in Equitable Building & Loan Association v. King, 48 Fla. 252, 37 So. 181, a case in which a recorded deed contained an incidental statement to the effect that it was given as collateral for a loan, the ruling was that such a reference was sufficient to put subsequent purchasers and creditors on notice of rights outstanding in the lenders, and upon proper inquiry the exact nature and extent of those rights would have been ascertained. See also Pierson v. Bill, 134 Fla. 594, 184 So. 124, and Merrell v. Ridgely, 62 Fla. 546, 57 So. 352.
As has been heretofore noted, the appellants in the instant case, at and prior to the time they purchased the property in controversy, had actual knowledge of the fact that a roadway of varying width traversed their property, and that it was in continuous use as a public highway. The evidence shows that the road had been maintained by the County and used by the public uninterruptedly for a period of more than 20 years prior to the institution of the suit.
The lot of land across which this road ran is described in the public records as "Lot 1 of a subdivision of Tract 30 of Section 11, Township 53 South, Range 40 East, according to amended plat thereof recorded in Plat Book 12, at page 64 of the public records of Dade County.
The amended plat referred to was prepared by a surveyor for the former owner and indicates the existence of a roadway across the appellants' property at approximately the same location as the evidence shows the tread of the road now actually lays upon the ground. However, the plat did not purport to show the width of the roadway either by dimensional figures or by reference to other objects or land lines whose length or breadth were given.
It appears to us that under these facts it must be held that the appellants had implied actual notice of the rights of the County, and its successor in interest, the Town of Medley, and that by the simple inquiry from the Clerk of the Board of County Commissioners, or an inspection of the minutes of the Commission, as to the nature or extent of this claim or right in and to the road that was being maintained by the County and the Town for the use of the public, all pertinent information respecting the right of way would have been easily ascertained.
Having reached this conclusion, it is not necessary for us to express an opinion as to whether under any other state of facts the recordation with the Circuit Court Clerk of the resolution by which the county acquired and established its right of way would have been necessary as against subsequent purchasers for value without notice.
We hold that under the facts of this case the appellants were chargeable with notice of the extent of the rights and interests of the County in and to the right of way, and hence the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.