LANGSON CONSTRUCTION CO., INC., a Corporation, and DON R. LANGSON, Appellants, v. NEVADA SAVINGS AND LOAN ASSOCIATION, a Corporation, Respondent.

No. 6994

November 27, 1973          516 P.2d 105

*Raymond E. Sutton,* of Las Vegas, for Appellants.

*Beckley, DeLanoy & Jemison,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent sought successfully in the lower court to recover deficiency judgments against the appellants on two promissory notes.

The first note, secured by a deed of trust, was executed by the appellant Langson Construction Company on October 26, 1962 for $1,348,600. The note provided for interest at the rate of 6 percent per annum payable in monthly installments of $7,417. An additional 3 percent would be payable on the monthly installments during any period of default. Appellant was charged 4.5 percentage points as a loan and construction control fee. On September 27, 1963 respondent made an additional loan of $176,230 to the appellants. A second promissory note was taken in connection with this transaction incorporating the interest and payment terms of the first. Respondent charged 3 points for the additional loan. At the same time the two promissory notes were guaranteed by appellant Langson and a modification agreement was executed by Langson and the respondent extending both loans to April 10, 1964.

The second major loan transaction took place in March of 1963. The appellant Langson Construction gave the respondent its secured note in the amount of $1,080,000. The term of the loan was for one year at 8 percent interest. An additional 3 percent was to be charged during any period of default. Respondent charged the appellant 4 points as a "loan origination fee," 2 points for "construction control," and 2 points for "gifts to thrift." In September of 1963 Don Langson was personally substituted for the corporation's obligation. The interest rate was reduced to 7 percent and the note was extended to March of 1988. Respondent was charged a 2 percent loan fee for this modification.

Following trial of the case the trial court found, as a matter of law, that the interest and loan fees charged by the respondent were not usurious.

The sole issue on appeal is whether this holding was error in light of NRS 99.050, 673.330.

During the trial apparently none of the parties directly addressed the usury question by way of presentation of expert testimony or evidence. Yet, by reason of the formal findings of the court consideration of that question is indicated. Without the testimony of a qualified expert to elucidate the computation of the annual percentage rates and effect of the subsequent modifications of both loans on such interest rates we are without support in the record to arrive at an intelligent conclusion on the issue of usury. We are remanding for the purpose of receiving testimony on the usury issue and for clarification of

the "gifts for thrift" and the various other charges imposed by the respondent.

Reversed and remanded.