311 So.2d 802 (1975)
MIAMI HOLDING CORP., a Florida Corporation, Appellant,
v.
Frank J. MATTHEWS and Patricia F. Matthews, His Wife, et al., Appellees.
No. 74-979.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied May 14, 1975.
Ira M. Elegant, Miami Beach, for appellant.
Patton, Kanner, Nadeau, Segal, Stobs & Zeller, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant appeals a final summary judgment quieting title to the subject realty in plaintiff-appellees.
On March 18, 1947, J.G. Head's Farms, Inc. conveyed by deed Lot 12, Block 8 of J.G. Head Farms, Unit "A" to Lottie Morrison, a single woman. That deed was not recorded at the time of delivery and subsequently was lost. Thereafter, one Alto Adams, as trustee, entered into a contract to acquire all of the stock and assets of J.G. Head's Farms, Inc. In accordance with the terms thereof, J.G. Head's Farms, Inc. by warranty deed conveyed all the lots it owned at the time by specific lot and block including Block 8 of Unit A. The deed as to Block 8 of Unit A enumerated 22 lots by specific number but did not include the lot in question, Lot 12. Thereupon, J.G. Head's Farms, Inc. was dissolved and George Patterson, et al. became trustees for the dissolved corporation.
In 1959, defendant-appellant purchased the properties acquired by Alto Adams *803 from J.G. Head's Farms, Inc. The purchase agreement covered the properties including Unit "A" by specific lot and block.[1] This agreement also required that Alto Adams obtain from J.G. Head's Farms, Inc. a quitclaim deed conveying to defendant any rights, title and interest that J.G. Head's Farms, Inc. may own in the subject properties including Plat of J.G. Head Farms, Unit "A". J.G. Head's Farms, Inc. conveyed such a deed to the defendant and it was recorded on January 8, 1960.
On February 27, 1963, J.G. Head's Farms, Inc., dissolved, through its trustees, executed and conveyed a quitclaim deed on Lot 12, Block 8 of J.G. Head Farms, Unit "A" to Lottie Morrison who recorded the same on March 4, 1963. This deed recites that it is given as the substitute for a previously "apparently lost" deed from J.G. Head's Farms, Inc. to the grantee therein. On May 7, 1970 Lottie Morrison conveyed the subject realty to the plaintiffs, Frank and Patricia Matthews. That deed was recorded on May 15, 1970. Thereafter, plaintiffs filed the instant action against defendant Miami Holding Corporation to quiet title to Lot 12, Block 8 of J.G. Head Farms, Unit "A". Defendant answered and counterclaimed to quiet title thereto in itself based upon the 1960 quitclaim deed from J.G. Head Farms, Inc. to the defendant. Subsequently, both parties moved for summary judgment and after a hearing on these motions, the chancellor entered final summary judgment quieting title to the property in the plaintiffs as against the claims of the defendant. This appeal followed.
Appellant first contends that the court erred in quieting title in the plaintiffs holding that an alleged prior unrecorded warranty deed is effective as to a subsequent innocent purchaser of real property who takes title to such lands by quitclaim deed without notice of the alleged prior unrecorded warranty deed. We cannot agree.
Generally, it is an accepted principle of law that the delivery of a complete deed executed by a grantor who had title to the land invests the grantee with title and in the absence of statutory requirements producing a different result, the grantee is not divested of his title by loss of the deed. Mexican Crude Rubber Company v. Ackley, 101 Fla. 552, 134 So. 585 (1930); 23 Am.Jur.2d Deeds § 310 (1965); 26 C.J.S. Deeds § 177 (1956); 10 Fla.Jur. Deeds § 99 (1973). Further, where a deed has been lost and its contents are established, it will be presumed that it was executed in conformity with all the requirements of the law. Christy v. Burch, 25 Fla. 942, 2 So. 258 (1889). Thus, it is clear that plaintiffs having introduced sufficient competent evidence to establish the contents of the 1947 deed from J.G. Head's Farms, Inc., to Lottie Morrison, the loss of this deed did not divest the grantee, Ms. Morrison, of her title.
Having made the above determination, we turn our consideration to the defendant's claim to the subject property by virtue of the 1960 quitclaim deed from J.G. Head's Farms, Inc. It is well established that the execution of a quitclaim deed, without more, does not necessarily import that the grantor possesses any interest at all and if the grantor has no interest in the land described at the time of conveyance, the quitclaim conveys nothing to the grantee. Goldtrap v. Bryan, Fla. 1954, 77 So.2d 446 and 10 Fla.Jur. Deeds § 168 (1973).
Title to Lot 12, Block 8 of J.G. Head Farms, Unit "A" being vested in Lottie Morrison at the time J.G. Head's Farms, Inc. executed the 1960 quitclaim deed to the defendant on, inter alia, the plat of J.G. Head Farms, Unit "A", J.G. Head's Farms, Inc. had no interest in Lot 12, Block 8 thereof and, therefore, the quitclaim conveyed nothing therein to the defendant, Miami Holding Corporation. *804 Furthermore, the record clearly reflects that J.G. Head's Farms, Inc. never represented to the defendant that it had any interest in Lot 8, Block 12 of Unit "A" as this lot was not included in the warranty deed to Alto Adams nor in the option to purchase agreement between Adams and the defendant. It is apparent that the quitclaim deed was to operate only as to the properties in which J.G. Head's Farms, Inc. had an interest.
We also considered appellant's second point on appeal and find that to be lacking in merit.
Accordingly, the summary final judgment herein appealed is affirmed.
Affirmed.
NOTES
[1] As in the deed to Alto Adams, the agreement did not list Lot 12 of Block 8 of Unit "A".