JOHN HENDRICKS AND HELEN HENDRICKS, APPELLANTS, *v.* CLYDE PERKINS, RESPONDENT.

No. 12489

June 3, 1982                                    645 P.2d 973

---

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to participate in this case, pursuant to Nev. Const., art. 6, § 19; SCR 10.

*Deaner & Deaner,* and *Michael A. Davis,* Las Vegas, for Appellants.

*Jones, Jones, Bell, Close & Brown,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants, John and Helen Hendricks, challenge a judgment quieting title to Government Lots 2 and 3 in Moapa, Nevada, in favor of respondent, Clyde Perkins. Appellants contend the court erred in finding respondent is the owner of an undivided one-half interest in the land and water rights at issue.

In February of 1954, appellants purchased an undivided one-half interest in Government Lots 2 and 3, "containing 80 acres

more or less," from Frank Perkins.[1] The record reflects appellants were advised, at the time of sale, that respondent's father, Joe Perkins, owned the other one-half interest in the 80-acre parcel now in question.

Respondent's interest in the property at issue dates back to 1918, when his parents, Joe and Kathryn Perkins, originally purchased an undivided one-half interest in Government Lots 2 and 3, from George S. Auerbach. The record establishes that Auerbach was paid a total of $800 in exchange for a quit claim deed to the property. However, the Perkinses failed to record the quit claim deed allegedly executed by the parties. Consequently, George Auerbach is the last recorded titleholder to the property in question.

Respondent contends the original quit claim deed executed by Auerbach and his parents has been lost. At trial, respondent introduced a copy of the quit claim deed which recited the parties' names and described the land in question. The quit claim deed produced by respondent was not signed or recorded by the parties; it was merely a copy of the original deed which was allegedly lost.

In Langworthy v. Coleman, 18 Nev. 440 (1884), this court held that a deed is the best evidence of a conveyance of property, but if testimony is admitted relating to the existence of such a deed, it cannot be said there was no evidence of a conveyance of the title to the grantee by the grantor. Likewise, in Miami Holding Corporation v. Matthews, 311 So.2d 802 (Fla.Dist.Ct.App. 1975), the court held that where a deed has been lost and its contents established, it will be presumed that it was executed in conformity with all the requirements of the law.

Here, there is substantial evidence in the record that respondent is the legal owner of an undivided one-half interest in Government Lots 2 and 3. Respondent introduced evidence that his parents paid George Auerbach $800 in consideration for the land in question. Moreover, respondent's parents paid taxes on the property from 1920 through 1972; thereafter respondent paid the taxes. The record also establishes that respondent and his parents continually exercised acts of ownership over the property from 1918 until present.

Before the district court will be reversed, the record must reveal that the judgment was clearly erroneous and not based

[1]Originally, Kathryn and Joe Perkins, respondent's parents, owned the entire 80-acre parcel. In 1946, the Perkinses sold an undivided one-half interest in the land to their nephew Frank Perkins.

upon substantial evidence. Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 105 (1973). The record does not establish the district court erred in finding respondent is the owner of an undivided one-half interest in Government Lots 2 and 3.

Next, appellants contend the district court erred in granting respondent an undivided one-half interest in the water rights of Government Lots 2 and 3. Appellants claim an absolute right to all the water affecting the property, pursuant to their land sales agreement with Frank Perkins, and an adjudication of water rights issued by the State Engineer.

In essence, appellants contend Joe and Kathryn Perkins conveyed all of their water rights in Government Lots 2 and 3, when they sold an undivided one-half interest in the property to Frank Perkins in 1946. Appellants claim Frank Perkins, in turn, transferred all of the water rights to them when they purchased the property in 1954.

The deed transferring an undivided one-half interest in the property from Joe and Kathryn Perkins to Frank Perkins, provides in pertinent part:

> All the lots 4 and 5 of the North West Quarter (¼) and Lot 6 of the South West Quarter (¼) and the South East Quarter (¼) of the North East Quarter of Section 6, containing one hundred and eight and thirty two hundredths (108.32) acres also an undivided one half interest in Lots 2 and 3 in said section 6, all in Township 15 S.R. 66 E., M.D.B. & M. together with all water and water rights heretofor and now appurtenant to said above described lands. . . .
>
> Also all water rights as adjudicated by the State Engineer of Nevada in the 10th Judicial Court of the State of Nevada, Clark County, Nevada dated March 24th 1920.

Here, the first clause in the Joseph Perkins to Frank Perkins deed clearly conveys an undivided one-half interest in the water rights of Government Lots 2 and 3. It is the reference to the adjudication of water rights by the State Engineer, upon which appellants rely in claiming exclusive title to all the water rights.

In Fogus v. Ward, 10 Nev. 269 (1875), this court was faced with a similar problem in construing a deed relating to water rights. The facts in *Fogus* reflect that the deed in question granted an undivided one-half interest in "a certain ditch and flume." The last clause of the deed stated, "and all the water of said Truckee River which may or can be led or conveyed through said ditch and flume." On appeal, this court concluded the grantor specifically limited the deed to an undivided one-half of the property and water privileges. The court noted:

"[W]e think the first clause in the premises of the deed clearly indicates the intention of the parties thereto, and that the subsequent general clause must be interpreted as limiting the extent of the grant to its specific and particular description."

In the instant case, the first clause in the deed clearly establishes the parties' intent to convey an undivided one-half interest in the water rights appurtenant to the land in question. Thus, the subsequent clause in the deed referring to water rights adjudicated by the State Engineer is limited to the extent of the water rights initially conveyed in the deed.

Accordingly, we affirm the judgment of the district court.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.