593 So.2d 575 (1992)
FLORIDA EAST COAST RAILWAY COMPANY, Appellant,
v.
John Robert PATTERSON, and Angelo Napolitano, Trustee, Appellees.
No. 91-1392.
District Court of Appeal of Florida, Third District.
February 4, 1992.
*576 Kroll & Tract and Lawrence J. Roberts, Miami, for appellant.
Bailey Hunt Jones & Busto and Richard M. Davis and Robbie D. Lake, Miami, Ullman & Ullman and Richard A. Warren, North Miami Beach, for appellees.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
PER CURIAM.
This case involves several claims brought against the grantor of a quit claim deed, who held an easement containing a possibility of reverter. The grantor, Florida East Coast Railway [FECR], appeals from a final judgment which awarded the quit claim grantee, John Robert Patterson, damages, fees, and costs, and which awarded the easement grantor, Angelo Napolitano, costs and attorney's fees. We reverse.
In 1952, Napolitano's predecessors in interest awarded an easement to FECR for the use of "tract G," a strip of land running through the center of an industrial site. The easement agreement specified that the land was to be used only for railway purposes, and that it would revert to the grantor if the land was not used for railway purposes for 24 consecutive months.
Patterson, who owned land abutting tract G, advised FECR that he was interested in the property, and paid FECR $2500, receiving a quit claim deed. The deed was dated September 29, 1978, and was recorded on October 17, 1978.
In 1983, Patterson expanded his business onto tract G. The original grantors discovered the encroachment upon tract G only after conducting a survey when contacted by a party who was interested in acquiring the property. In January of 1987, FECR's president executed an affidavit, at the request of Napolitano's attorney, acknowledging the existence of the 1952 easement and the reverter clause, and declaring that because FECR had abandoned tract G for more than 24 months before the execution of the affidavit, ownership of the parcel had reverted to the grantors. On March 3, 1987, Patterson was notified that he was encroaching on land owned by the successors of the original grantors. In November, 1988, Patterson filed suit against those successors (Napolitano is their trustee) to quiet title to tract G. Napolitano counterclaimed for ejectment.
*577 Napolitano then filed a third-party complaint against FECR for breach of contract and slander of title. The damages sought consisted of the attorney's fees incurred in defending the quiet title action brought by Patterson and prosecuting the action to eject Patterson. Patterson also filed third-party claims against FECR for breach of implied warranty and quasi-contract, fraud and misrepresentation, and slander of title.
Patterson settled with Napolitano before trial by paying Napolitano $17,250 for the portion of tract G for which he had previously received the quitclaim deed from FECR. At trial on the third-party complaint, Napolitano and FECR stipulated that Napolitano's only damages consisted of attorney's fees related to Patterson's claim and Napolitano's counterclaim for ejectment. The trial court awarded Napolitano attorney's fees and costs totalling $9,569.39, and awarded Patterson $17,250 in damages, $15,000 in fees, and costs. The final judgment did not specify on which grounds Patterson and Napolitano prevailed.
An examination of the record reveals that there is no legal foundation for the trial court's findings in favor of either Patterson or Napolitano. Patterson is charged with constructive notice of the existence of the 1952 easement agreement because the agreement was a matter of public record. See Vetzel v. Brown, 86 So.2d 138 (Fla. 1956); Zaucha v. Town of Medley, 66 So.2d 238 (Fla. 1953); Leffler v. Smith, 388 So.2d 261 (Fla. 5th DCA 1980), review denied, 397 So.2d 778 (Fla. 1981). As noted in Zaucha v. Town of Medley, 66 So.2d at 240 (quoting Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932), affirmed, 105 Fla. 245, 143 So. 648 (1932)), once an instrument has been recorded, "the record is constructive notice to creditors and subsequent purchasers not only of its own existence and contents, but of such other facts as those concerned with it would have learned from the record, if it had been examined...." Furthermore, it is well established that a quitclaim deed only conveys such title or interest as possessed by the grantor at the time of the making of the deed. Pierson v. Bill, 133 Fla. 81, 182 So. 631 (1938); Blitch v. Sapp, 142 Fla. 166, 194 So. 328 (1940); Miami Holding Corp. v. Matthews, 311 So.2d 802 (Fla. 3d DCA 1975), cert. denied, 325 So.2d 8 (Fla. 1975); St. Clair v. City Bank and Trust Co. of St. Petersburg, 175 So.2d 791 (Fla. 2d DCA 1965), cert. denied, 184 So.2d 891 (Fla. 1966). The execution of a quitclaim deed "does not necessarily import that the grantor possesses any interest at all," Miami Holding Corp. v. Matthews, 311 So.2d at 803, and "one who accepts a quitclaim deed is conclusively presumed to have agreed to take the title subject to all risks as to defects and incumbrances [sic]," St. Clair v. City Bank and Trust Co. of St. Petersburg, 175 So.2d at 792.
In view of the foregoing, we find that there is no basis in fact or law to demonstrate any wrongdoing or impropriety on the part of the FECR. The appellees failed to demonstrate any cognizable basis for recovery, and accordingly the judgment must be reversed.
Reversed.