CANADY, J.,
concurring in result.
I agree with the majority’s conclusion that DOT’S interest in the disputed property is preserved under section 712.03(5), Florida Statutes (2008). Therefore, I concur in quashing the decision of the First District that is on review. I also agree with the majority’s disapproval of Dar-dashti. I disagree, however, with the majority’s conclusion that DOT’S interest is preserved under section 712.03(1).
*868 The resolution of this case is dictated by-section 712.03(5), which provides that MRTA “shall not affect or extinguish” “[r]ecorded or unrecorded ... rights-of-way ... so long as the same are used and the use of any part thereof shall except from the operation [of MRTA] the right to the entire use thereof.” (Emphasis added.) Here, it is undisputed that the recorded deed on which DOT’s claim is based covers lands used as the right-of-way for a stretch of Interstate 10, and there is no basis for concluding that the deed is not a recorded right-of-way within the meaning of section 712.03(5). Clipper Bay has presented no persuasive reason that the disputed property, which is covered by that same conveyance to DOT, does not fall within the scope of section 712.03(5).
Under the plain terms of the statute, DOT’s “use of part” of the right-of-way preserves its “right to the entire use thereof.” It is of no consequence that the disputed land has not been used for right-of-way purposes for Interstate 10. Contrary to the view adopted by the First District, DOT did not have the burden of proving that the disputed land was “ever devoted to or required for part of its Interstate 10 right-of-way.” Clipper Bay, 117 So.3d at 15. This view imposes a requirement that is inconsistent with the terms of the statute. The clear import of section 712.03(5) is to preserve the full extent of a recorded or unrecorded right-of-way if any portion of the right-of-way is put to use for right-of-way purposes. See City of Jacksonville v. Horn, 496 So.2d 204, 208 (Fla. 1st DCA 1986) (stating that section 712.03(5) evidences “the intent to preserve a public easement or right-of-way to its full width, notwithstanding the use of only a part of its width as designated by the conveyance, dedication, or other means by which it was established”). And the rule of liberal construction in section 712.10 cannot be used to defeat the plain meaning of the exception in section 712.03(5). That exception and the other exceptions in the statute necessarily limit the curative scope of MRTA.
But I conclude that the majority incorrectly relies on section 712.03(1) to defeat Clipper Bay’s claim. The majority’s reliance on section 712.03(1) fails on both procedural and substantive grounds.
Procedurally, the specific ground relied on by the majority — that the 1987 lease from DOT to Santa Rosa County covering a portion of the disputed fend constitutes a muniment of title that discloses DOT’s interest — was not presented by DOT in its initial brief as a basis for quashing the First District decision. Indeed, DOT’s initial brief does not so much as mention the 1987 lease on which the majority’s alternative holding relies. It is elementary that an appellate court should not overturn a decision on review on a ground not properly argued by the petitioner. See Mendoza v. State, 87 So.3d 644, 663 (Fla.2011).
Substantively, the 1987 lease is not a muniment of Clipper Bay’s title and thus cannot be a basis for preserving an interest under section 712.03(1). The 1987 lease is foreign to Clipper Bay’s chain of title. The operation of section 712.03(1) comes into play only based on matters “disclosed by and defects inherent in the muniments of title on which [the MRTA claimant’s] estate is based beginning with the root of title.” The 1987 lease from DOT to Santa Rosa County is not among “the muniments of title on which [Clipper Bay’s] estate is based.” Accordingly, it cannot be the predicate for the operation of section 712.03(1).
Finally, I would reject the argument that DOT actually made in its initial brief relating to section 712.03(1). That argument was based on a curative instrument — a trustee’s deed recorded in 1981 *869 from one of Clipper Bay’s predecessors in title to another such predecessor. It is questionable whether this curative instrument qualifies as a muniment of title on which Clipper Bay’s estate is based. See Miami Holding Corp. v. Matthews, 311 So.2d 802, 803 (Fla. 3rd DCA 1975) (stating that “if the grantor [in a quitclaim deed] has no interest in the land described at the time of conveyance, the quitclaim conveys nothing to the grantee”). But even if the 1981 trustee’s deed is properly considered to be among the muniments of title on which Clipper Bay’s estate is based, it discloses nothing sufficient to trigger the operation of section 712.03(1).
DOT argues that the 1981 trustee’s deed contains a reference to a pre-root instrument that contains a legal description that excepts lands previously conveyed to the DOT. This argument is unavailing. The 1981 trustee’s deed does not on its face disclose any interest or estate adverse to the title of Clipper Bay. On the contrary, it simply contains a recitation of the authority by which the trustee acted in executing the instrument. Therefore, no “[e]states or interests, easements [or] use restrictions” are “disclosed by” the trustee’s deed. § 712.03(1), Fla. Stat. (2014). Moreover, the pre-root instrument referred to in the 1981 trustee’s deed does not constitute a “recorded title transaction which imposed, transferred or continued” the interest of DOT in the disputed property. Id.