JAN OCHENKOWSKY and Another, Plaintiffs, *v.* KAZINIEZ DUNAJ and Others, Defendants.

Supreme Court, Montgomery County, August 6, 1930.

*Thaddeus S. Ogonowski,* for the plaintiffs.

*Harry V. Borst,* for the defendants Soroko.

HEFFERNAN, J. This action is for the foreclosure of a mortgage upon farm lands located in the county of Montgomery. On August 6, 1928, plaintiffs conveyed the property to defendants Dunaj, husband and wife, subject to two mortgages upon which there was unpaid the sum of $2,600. Concurrently therewith and as part payment of the purchase price, the grantees executed and delivered to plaintiffs a purchase-money mortgage in the sum of $5,300 which is the subject of this suit. Concededly no payments have been made on this mortgage except the sum of $116. For some reason not disclosed by the evidence, plaintiffs' mortgage was not recorded until February 18, 1929. Meanwhile and on December 17, 1928, defendants Dunaj conveyed these premises to defendant Dmytro Soroko and his conveyance was recorded on December 19, 1928. The consideration expressed in Soroko's deed is " One Dollar ($1.00), lawful money of the United States, and other good and valuable considerations." Soroko also assumed and promised to pay the prior mortgages of $2,600. No mention is made in Soroko's deed of plaintiffs' lien. It is obvious that the mortgagors deliberately schemed to cheat the mortgagees. They have not defended this suit.

The failure of plaintiffs to promptly record their mortgage does not affect its validity. The statute makes void a conveyance not recorded only as against a subsequent purchaser in good faith and for a valuable consideration. (Real Prop. Law, § 291.) The plaintiffs' lien as unpaid mortgagees is good against the mortgagors and against the whole world unless defeated by alienation of the property by the owners to a purchaser in good faith and without notice. (*Seymour* v. *McKinstry,* 106 N. Y. 230.)

The plaintiffs' mortgage is prior in date. Soroko's deed is prior in registry. In the race of diligence in recording defendant has succeeded. The plaintiffs' conveyance is, therefore, declared by statute to be void as against Soroko providing he is a purchaser in good faith and for a valuable consideration. The consideration must not only be good but valuable in the sense that a fair equivalent is given for the property granted in order to constitute the grantee a purchaser for value. (*Ten Eyck* v. *Witbeck,* 135 N. Y. 40.) As was written by Judge MAYNARD in the case cited, the phrase " a purchaser in good faith and for a valuable consideration " is an expression which has been borrowed from the language of courts

of equity and should be interpreted in the sense in which it is there understood. This rule of judicial construction was incorporated by the Legislature into the *lex scripta* in almost the identical words in which it had been phrased by courts of equity. (*Ten Eyck* v. *Witbeck, supra.*) The words *valuable consideration* found in the statute are used in contradistinction from a mere valid or sufficient consideration as between grantor and grantee. (*Stalker* v. *McDonald*, 6 Hill, 93.) Therefore, in order to give a recorded conveyance a preference from that fact alone, it must be to a *bona fide* purchaser. It must be a purchaser for a valuable consideration paid or parted with, and in the belief that the vendor had the right to sell and without any suspicious circumstances to put him upon inquiry.

Soroko insists that in this litigation he must be treated as a purchaser for value. He rests his claim largely upon the presumption arising from the recital in his deed of the receipt by his grantors of a valuable consideration. It is true that the recital of a valuable consideration in a deed is *prima facie* evidence that the grantee is a purchaser in good faith and where a consideration is so expressed, no proof of actual payment is requisite. The recital of a purely nominal consideration, however, is insufficient to protect a subsequent purchaser. (*Turner* v. *Howard*, 10 App. Div. 555.) The recital in the deed in this case imports nothing more than a mere nominal consideration and consequently defendant is not entitled to the presumption of good faith which arises from the payment of a valuable consideration. He also strenuously urges that because his conveyance was first recorded he is protected. In a court of equity the race is not always to the swift nor the battle to the strong. The fatal difficulty with his proposition is to establish that he was a subsequent purchaser in good faith and for a valuable consideration as the statute requires he should be in order to be protected against an unrecorded conveyance. In order to place himself in a position to assail plaintiffs' mortgage on the ground that it was not recorded, it was incumbent on him to show not only that his conveyance was first recorded but also that he was a *bona fide* purchaser for a valuable consideration and without notice.

A question of pleading is also involved. Plaintiffs' counsel insists that the burden of proof is on defendant to show that he is a purchaser for value and that he took his conveyance without knowledge of plaintiffs' mortgage. The learned counsel for defendant asserts that plaintiffs must establish by a preponderance of the evidence that his client is not a purchaser for value and that he took his deed with notice of plaintiffs' claim. Apparently, since

the preparation of the pleadings, each counsel has reversed his position. The complaint alleges that Soroko is not an innocent purchaser and that he had knowledge of plaintiffs' mortgage. As a separate defense in his answer, Soroko alleges that he is a purchaser in good faith and for value. It seems to me that the burden of proof is on defendant. The law requires him to allege and prove that he took his security for value and without notice. It is a defense founded upon new matter. (*Seymour* v. *McKinstry, supra; Flickinger* v. *Glass*, 222 N. Y. 404.) It was not necessary for plaintiffs to plead or prove that defendant was not a purchaser in good faith or that he took title with notice of their claims. Their case was made out when their mortgage was established against their grantees unless Soroko was a *bona fide* purchaser. If Soroko relied on that fact, it was incumbent upon him to allege and prove it. Evidently his counsel so believed when he drew the answer. The rule is well settled that if a claim can be sustained only upon the ground that the person asserting it is an innocent *bona fide* purchaser, he must positively deny notice even though it be not charged; and he must deny it positively, not evasively; he must even deny fully and in the most precise terms every circumstance from which notice could be inferred. (*Denning* v. *Smith*, 3 Johns. Ch. 332.)

The burden of proving good faith in this transaction is on the defendant. That burden he has not sustained. Not only has he failed in this respect but in my judgment the evidence clearly negatives the idea that he is an innocent purchaser. The circumstances are evidential of fraud. He was the only witness on his own behalf. His wife, a codefendant, did not avail herself of the opportunity to corroborate him although it is claimed she was present during the negotiations. His story not only strains credulity but also suggests perjury. He testified that he is a resident of New York city with no practical experience as a farmer. Apparently he is a stranger in the locality where the farm is located. He is unable to give any satisfactory explanation of how, when or from whom he learned that the premises were for sale. He made only a hasty inspection before he purchased. No written contract of purchase and sale was entered into nor was any abstract of the title ever procured. The deed was drawn by an Amsterdam attorney but was executed several days later in New York city. Soroko claims that when the deed was prepared, he made a cash deposit of $1,000, which sum he brought with him from his home. According to his claim, the money was not kept on deposit in any banking institution but carried on his person so that it would be instantly available for the purchase of a farm. At the time of the delivery of the deed, he claims that the balance of $500 in

cash was then paid. Neither the attorney who drew the deed nor the one in whose office the transaction is said to have been completed was called as a witness. Defendant has never been in the actual possession of the property. He permitted his grantors to occupy it, apparently without rent for a number of months. Later, on his behalf, they leased it to third parties for the first year. Defendant has paid no taxes on the land and has failed to pay any installment of principal or interest on the mortgages which he claims he assumed. These facts suggest their own significance. He contends that he purchased this property for the sum of $1,500 in addition to the mortgages of $2,600. If his evidence is true, then he acquired the property for about one-half its value. This in itself is a suspicious circumstance. The transfer of the farm for the sum claimed is singularly inconsistent with the probability of good faith. The inadequacy of the consideration is always a factor to be considered in determining the good faith of the purchaser. (*Tiedemann* v. *Tiedemann,* 115 Misc. 462; affd., 201 App. Div. 614.) The good faith of a purchaser may be seriously impaired, if not destroyed, by the inadequacy of the price at which the property is offered by a person claiming to be its owner. If the sum which the seller is willing to take is grossly disproportionate to the value of the thing which is the subject of the negotiation, it is strong proof of a defective title and sufficient to put a prudent man upon inquiry, and if the buyer neglects to diligently prosecute such inquiry, he may not be awarded the standing of a *bona fide* purchaser. (*Ten Eyck* v. *Witbeck, supra.*)

The circumstances surrounding this transaction all tend to negative the probability of good faith. The failure to secure an abstract of title, the omission of a written contract, the lack of all formality in the negotiations, the inadequacy of the purchase price, taken in connection with the other circumstances, establish that defendant is not an innocent purchaser. In my judgment he not only is not an innocent purchaser but is an active participant in an attempt to cheat and defraud these plaintiffs. It is apparent that he and his codefendants had a common purpose.

Plaintiffs' mortgage is, therefore, a prior lien and they are entitled to the usual judgment of foreclosure which should contain appropriate provisions for a deficiency judgment against the defendants Dunaj, in the event that there is a deficiency, together with taxable costs.