366 So.2d 491 (1979)
FLORIDA NATIONAL BANK AND TRUST COMPANY AT MIAMI, As Guardian of Ina M. Garrett, Incompetent, Appellant,
v.
Mary HAVRIS a/k/a Marion C. Havris, Andrew Havris, Her Husband, and Mrs. Charles A. Carter, Appellees.
No. 78-359.
District Court of Appeal of Florida, Third District.
January 16, 1979.
*492 George J. Baya, Miami, for appellant.
Joseph P. Farina, Miami Shores, for appellees.
Before PEARSON and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CARROLL, Associate Judge.
The plaintiff below, Florida National Bank and Trust Company at Miami, as guardian of Ina M. Garrett, incompetent, filed this appeal from the final judgment entered following a non-jury trial.
A defendant, Mrs. Charles A. Carter, was the employed housekeeper and attendant of Mrs. Garrett from 1973 to 1975, and was so employed when the involved activities relating to Mrs. Garrett's money and residence property took place. During this period, Mrs. Garrett, who was 94 years of age in 1975, lived alone with the housekeeper in Miami, in a home which she owned. The defendant Mary L. Havris, a niece of Mrs. Carter, the housekeeper, was not related to Mrs. Garrett, and was not her employee.
Mrs. Garrett had funds on deposit in certain savings associations and banks. With Mrs. Garrett's consent, the housekeeper and her niece Mary Havris became authorized to sign checks on Mrs. Garrett's said accounts, and during the interval of time above mentioned, by withdrawals and transfers, the funds of Mrs. Garrett became placed in bank accounts of Mrs. Havris and of Mrs. Havris and her husband, from which monies needed for care expenses of Mrs. Garrett were used.
In 1975, on March 19, Mrs. Garrett made a deed by which she conveyed her home and the furniture and fixtures therein to Mary L. Havris, reserving to Mrs. Garrett a life *493 estate and right of possession. That deed was not recorded.
Nine days later, on March 28, 1975, a second deed of her home property was made by Mrs. Garrett to herself and to Mary Havris, as joint tenants with right of survivorship. That deed was recorded on the date upon which it was executed.
On October 17, 1975, in a proceeding which had been commenced on September 3, 1975, to determine competency of Mrs. Garrett, the plaintiff bank was appointed guardian of Mrs. Garrett's property and Ina M. Porcella, a niece of Mrs. Garrett, was appointed guardian of her person.
On January 7, 1976, the plaintiff bank, as guardian of the property of Mrs. Garrett, filed this action against Mrs. Havris and her husband and Mrs. Carter. Thereby, the plaintiff sought judgment to invalidate the recorded joint tenancy deed dated March 28, 1975, and to require the defendants to account to plaintiff for monies of Mrs. Garrett which had been obtained and were held by them.
In the course of that action, there was disclosed the existence of the earlier unrecorded deed dated March 19, 1975, from Mrs. Garrett to Mary Havris with reservation of a life estate. There was considerable evidence regarding the facts relating to that deed transaction, by testimony of the parties thereto and of the attorney who drew the deed and had it executed, and also as to the mental capacity of Mrs. Garrett at that time. Thus, although plaintiff's complaint did not allege the making and existence of the unrecorded deed and seek to have it declared invalid, the issues relating to the validity thereof were tried. The record so shows. Also it is clear the court recognized the issues thereon were tried, because the court ruled on the merits regarding the validity of that unrecorded (first) deed, as disclosed in the findings of fact and conclusions of law filed by the court. Such action by the court was in conformity with Fla.R.Civ.P. 1.190(b) which provides that where issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. That status of the case as to trial of issues relating to the first deed is not altered by the fact that the court denied a motion of the plaintiff, filed on the date on which the court filed its findings and conclusions of law, by which plaintiff sought leave to file a proposed amended complaint relating to said first deed, and for permission to introduce further evidence with regard thereto. It was within the discretion of the court to deny the request of the plaintiff for permission to file a new pleading and present further evidence after the trial had been completed and the court had made and filed its findings of fact and conclusions of law.
In the judgment entered, the court ruled in favor of the plaintiff as to Mrs. Garrett's funds found to be held by Mary Havris, granting judgment against Mary Havris for $19,787.62, with interest from November 13, 1975, plus certain costs. The judgment held that the second deed, dated March 28, 1975, was "null and void and of no effect." The final judgment made no reference to the earlier (unrecorded) deed of March 19, 1975. However, it appears that the basis of the holding in the judgment that the second (recorded) deed of March 28, 1975, was void, was because the court had found the prior (unrecorded) deed of March 19, 1975, was valid, and for that reason viewed the subsequent deed or attempted conveyance as being of no effect. See the trial court's finding of fact No. 6 and conclusion of law No. 4, quoted infra.
The appellant contends the court erred by failing to hold that the first deed of March 19, 1975, was invalid. The circumstances with regard to the validity of the two deeds were similar. If the first deed was invalid, the second deed likewise was invalid. In considering that question, it is necessary to give effect to the extensive findings of fact made by the trial court. With apology for the extent to which this opinion is lengthened, the trial court's findings of fact and conclusions of law are of sufficient importance to a determination of this appeal to require their inclusion. They were as follows:

*494 "FINDINGS OF FACT
"1. On June 22, 1966, INA M. GARRETT executed her last will and testament whereunder her home described in Findings 6 and 7 hereof, together with the furniture therein, was devised unto her brother, LEWIS C. RICHARDS, and, in the event he predeceased her, an undivided one-third thereof was devised unto her nephew, HOMER M. RICHARDS; an undivided two-thirds thereof was devised unto her niece INA PORCELLA and LEO PORCELLA, her husband; and all the rest and residue of her estate in a like manner.
"2. On November 20, 1970, the said INA M. GARRETT executed a first codicil to her last will and testament, prepared by her attorneys, Smathers & Thompson, containing a gift to her church.
"3. On December 22, 1970, INA M. GARRETT executed a second codicil to her last will and testament, prepared by her attorneys, Smathers & Thompson, whereunder INA PORCELLA was named as the executrix thereof to serve without bond, and the remainder of said will was ratified.
"4. On November 7, 1973, INA M. GARRETT employed defendant MRS. CHARLES A. CARTER, as a housekeeper until October 16, 1975 at a starting salary of $70 per week, which was subsequently increased to $85 per week.
"5. On February 6, 1975, INA M. GARRETT executed her last will and testament prepared by James W. Swain, the attorney of defendant MARY HAVRIS, also known as MARY L. HAVRIS and MARION C. HAVRIS, whereunder said Defendant is the only beneficiary, and the said James W. Swain was employed by Defendant MRS. CHARLES A. CARTER, for such purpose.
"6. On March 19, 1975, INA M. GARRETT, a widow, in consideration of love and affection, executed a warranty deed prepared by the said JAMES W. SWAIN, conveying her home unto Defendant MARY L. HAVRIS, situated in Dade County, Florida, to-wit:
"Lot 6 in Washington Place, according to the Plat thereof in Plat Book 20 at Page 54, together with improvements thereon and furniture and fixtures therein contained, reserving unto the grantor a life estate therein and the sole possession, use, and occupancy thereof.
That Defendant MARY L. HAVRIS did not pay any consideration for the execution of said deed and the said James W. Swain was employed by Defendant MRS. CHARLES A. CARTER, to prepare and secure the execution of said deed.
"7. On March 28, 1975, INA M. GARRETT, an unmarried widow, in consideration only of love and affection, executed a warranty deed prepared by E. Paul Beatty, an attorney employed by Defendant MRS. CHARLES A. CARTER, conveying to INA M. GARRETT and MARY L. HAVRIS, as joint tenants, and not as tenants in common, with full right of survivorship, her home in Dade County, Florida, described as:
"Lot 6, of Washington Place, per Plat thereof recorded in Plat Book 20, at Page 54, together with the improvements thereon known as 623 N.E. 72nd Street, Miami, Florida
which was filed for record by said attorney on March 28, 1975, and recorded on said date in Official Records Book 8946, at page 1350.
"8. On April 4, 1975, the warranty deed referred to in Finding No. 6 above was forwarded by mail to INA M. GARRETT, and has not yet been recorded among the records of Dade County, Florida.
"9. On April 9, 1975, INA M. GARRETT executed her last will and testament, prepared by attorney E. Paul Beatty, employed for such purpose by Defendant MRS. CHARLES A. CARTER, whereunder all of the rest, residue and remainder of her estate, including her home, was devised to Defendant MARY L. HAVRIS, who was also appointed as the Executrix thereof.

*495 "10. On July 6, 1975, Defendant MARY L. HAVRIS sent a mailgram to MRS. LEO PORCELLA, Renick, West Virginia (INA M. PORCELLA), containing the typewritten signature of INA M. GARRETT, stating that INA M. GARRETT had decided to leave everything she had to said Defendant.
"11. On September 3, 1975, INA M. PORCELLA filed in the Probate Division of this Court, Case No. 75-6045-N, a petition to determine the competency of INA M. GARRETT, then 94 years of age.
"12. On September 5, 1975, reports of the examination of INA M. GARRETT were filed in said Case No. 75-6045-N which establish a history of being unable to manage herself, or her affairs, due to senility and chronic brain syndrome.
"13. On or prior to September 12, 1975, Donald R. Thompson, of attorneys Frates, Floyd, Pearson, Stewart, Proenza & Richman, was employed by Defendant MARY L. HAVRIS to contest such petition to determine the competency of INA M. GARRETT and was paid the sum of $2,500.00 for such purpose out of the funds of INA M. GARRETT. On said date, he filed his appearance in said Case No. 75-6045-N as counsel for INA M. GARRETT.
"14. On September 12, 1975, the said Donald M. Thompson served, in Case No. 75-6045-N, a motion to dismiss the petition of INA M. PORCELLA to determine the competency of INA M. GARRETT on the ground that the same can only be filed by LEWIS C. RICHARDS, one of her brothers.
"15. On September 19, 1975, LEWIS C. RICHARDS, a brother of INA M. GARRETT, filed in said Case No. 75-6045-N his petition to determine her competency.
"16. On September 25, 1975, reports of the further examination of INA M. GARRETT were filed in Case No. 75-6045-N establishing that she was unable to manage her affairs; that she is likely to dissipate or lose her property; that she fears being deprived of her home; that she is unable to be responsible for herself or her affairs; and that she does not know the names of her banks or her lawyer.
"17. On October 17, 1975, INA M. PORCELLA filed in the Probate Division of this Court, Case No. 75-6654-N, her petition for the appointment of a guardian for the said INA M. GARRETT because of senility, impairment of memory, partially disoriented and confused, and being unable to be responsible for herself and her affairs.
"18. On October 17, 1975, the Honorable JOSEPH NESBITT, one of the judges of this Court, entered orders in said Case No. 75-6654-N appointing INA M. PORCELLA as Guardian of the Person of INA M. GARRETT, and Plaintiff as Guardian of her Property because of her mental and physical incompetency.
"19. On October 31, 1975, the Honorable JOSEPH NESBITT entered his order in said Case No. 75-6654-N requiring Defendant MARY HAVRIS to forthwith pay to Plaintiff all sums of the said INA M. GARRETT coming into the hands of said Defendant.
"20. That from November 7, 1973 to May 6, 1975, MARY HAVRIS, a/k/a MARION C. HAVRIS, withdrew the remaining funds of INA M. GARRETT deposited in various banking and Savings and Loan institutions in Dade County, Florida; cashed twenty-two Social Security checks payable to her order, and collected sums for the rental of the guest house situate in the rear of the above described premises, all aggregating $38,340.44.
"21. That from November 7, 1973 to November 13, 1975, MARY L. HAVRIS, a/k/a MARION C. HAVRIS, only expended the sum of $18,552.82 (exclusive of the aforementioned sum of $2,500.00 paid to attorney Donald R. Thompson) for the use and benefit of INA M. GARRETT out of and from said sum of $38,340.44, leaving an unexpended balance of $19,787.62 due to Plaintiff by said Defendant.
"22. On November 12, 1975, Defendant MARY HAVRIS paid unto Plaintiff *496 the sum of $7,045.12, pursuant to the order referred to in Finding No. 19 above.
"From the foregoing facts, the Court concludes:
"CONCLUSIONS OF LAW
"1. The law herein is with the Plaintiff and against Defendant MARY L. HAVRIS, a/k/a MARION C. HAVRIS, with respect to the funds of INA M. GARRETT withdrawn by said Defendant from banking and Savings and Loan institutions in Dade County, Florida, and not expended by said Defendant for the use and benefit of INA M. GARRETT.
"2. That the services rendered by DONALD R. THOMPSON to INA M. GARRETT in said case # 75-6045, did not benefit the said INA M. GARRETT, in that the report of the physician employed by the said DONALD R. THOMPSON to examine INA M. GARRETT discloses that a guardian should have been appointed for her, because of other matters.
"3. Plaintiff is entitled to judgment against Defendant MARY L. HAVRIS a/k/a MARION C. HAVRIS in the sum of $19,787.62, with interest thereon from November 13, 1975 at the rate of 6% per annum, together with costs and disbursements incurred and expended by Plaintiff to be hereinafter taxed.
"4. That the warranty deed referred to in Findings of Fact # 6 is valid and conveys good and marketable title to Defendant MARY HAVRIS a/k/a MARION C. HAVRIS, subject to the life estate of INA M. GARRETT.
"5. That the warranty deed referred to in Finding of Fact # 7 be and the same is null and void and of no effect, and the Clerk of this Court will be directed to cancel the same of record."
With regard to the first deed, made by Mrs. Garrett to Mary Havris reserving to the grantor a life estate and right of possession, the finding of the trial court as to consideration was that the grantee paid no consideration, and that the conveyance was made "in consideration of love and affection." Likewise, as to the second deed purporting to create a joint tenancy in Mrs. Garrett and Mary Havris, the court found that deed was made "in consideration only of love and affection."
We hold, as contended by appellant, that the two deeds by which this 94-year old woman transferred her home property to Mary Havris were without consideration and were invalid. In holding the unrecorded deed of March 19, 1975, was valid, the trial court misapprehended and misapplied the law, by concluding that love and affection of or towards one not a blood relation of the grantor constituted adequate consideration for Mrs. Garrett's deeding of her property to Mary Havris, to whom she was not related.
10 Florida Jurisprudence, Deeds § 59, in discussing the question of whether or not love and affection constitutes good consideration, states, "* * * However, there must be some blood or marriage relationship between the grantor and the grantee. * * *" Said statement is derived from the English Rule which requires that in order for love and affection to be good consideration for a conveyance, said love and affection must be toward one to whom a natural duty exists, such as near relatives by either consanguinity or affinity. See 23 Am.Jur.2d, Deeds § 65; 349 Am.Jur.2d, Estates § 349 and cases cited in footnote 7. Most American cases are in accord with the English Authorities. In Watson v. Watson, 24 S.C. 228 (1885), the Supreme Court of South Carolina in dealing with a conveyance where love and affection was the consideration, stated in part as follows:
"* * * * The Circuit Court held the deed in question here a covenant to stand seized, * * *.
"* * * * This conveyance has the same force and effect as a common deed of bargain and sale, but the great distinction between them is that the former can only be made use of among domestic relations, for it must be founded on the consideration of blood or marriage. No use can be founded for any purpose by this conveyance in favor of a person not within *497 the influence of the domestic consideration; and it makes no difference whether the grantee, if he be a stranger to the consideration, is to take on his own account or as a mere trustee for some of the family connections. He is equally incompetent to take. The existence of another consideration in addition to that of blood or marriage will not impede the operation of the deed. * * *"
In Florida decisions upholding conveyances where the basis for consideration was love and affection, express or implied, with absence of any other consideration recognized in law as adequate, the relationship of the grantor and grantee has been a blood relationship or a relationship of marital affinity. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97 (1891); Wise v. Wise, 134 Fla. 553, 184 So. 91 (1938); Vazquez v. Santisteban, 334 So.2d 97 (Fla. 3d DCA 1976).
It was the finding of the trial court that the only consideration for these deeds was love and affection. Since under the law that can constitute consideration only as to one who is related by blood or marital affinity (which this grantee was not), the deeds were without consideration.
However, the appellees argue that aside from love and affection there was adequate consideration for the deeds, in that, as acknowledged by Mrs. Garrett, the grantee Mary Havris previously had been kind and helpful to Mrs. Garrett, and was her good friend. We hold that argument to be without merit.
The trial court did not find such factors to be consideration. There was no contract or legal obligation to pay for such prior acts of Mrs. Havris, nor were those gratuitous acts of Mrs. Havris of a kind or character for which a legal obligation to pay for them existed or could be implied. As such, they were not adequate consideration for the deeds: See Florida Nat. Bank & Trust Co. v. Brown, 47 So.2d 748 (opinion on rehearing 758, 761), and 17 C.J.S. Contracts § 116 wherein it is said:
Except to the extent that statutes may otherwise provide, by the great weight of authority a past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever; or, as the rule has been stated otherwise, an executed consideration is no consideration for any promise other than that which the law would imply. A past consideration is insufficient, even though of benefit to the promisor, where the services rendered or things of value furnished are intended and expected to be gratuitous, * * *
Nor did the fact that Mrs. Havris may have been or was considered by Mrs. Garrett to be her "good friend" constitute consideration for the conveyances. During the time this friendship existed, Mrs. Garrett's money on deposit, and that which she would have received as income, was diverted by Mrs. Havris to the latter's bank accounts. When the court ordered Mrs. Havris to return Mrs. Garrett's money, $19,000.00 thereof could not be produced by Mrs. Havris, against whom subsequently judgment was entered for that amount. "With a friend like that, ____?" See the trial court's above quoted findings of fact Nos. 19, 20 and 21.
Accordingly, the provisions contained in the judgment are affirmed, but the judgment is hereby supplemented and amended to include therein a further holding as follows: "The unrecorded deed dated March 19, 1975, from Ina M. Garrett to Mary L. Havris, of the home property of Mrs. Garrett, described as Lot 6, in Washington Place, according to the plat thereof, recorded in Plat Book 20, at Page 54, of the Public Records of Dade County, Florida, together with improvements thereon and the furniture and fixtures therein, with reservation of a life estate in the grantor, is hereby held and declared to be invalid and of no force or effect."
The judgment, as herein supplemented and amended, is affirmed.