ON MOTION FOR REHEARING EN BANC GRANTED
SCHWARTZ, Judge.
The court has granted the appellant’s motion for rehearing en banc, because, as demonstrated by the uncontested factual recitals in the dissenting opinion, the panel majority’s affirmance has created a lack of uniformity within the meaning of Fla.R. App.P. 9.331(a)[1] in this court’s decisions in this case and in Florida National Bank & Trust Co. at Miami v. Havris, 366 So.2d 491 (Fla. 3d DCA 1979).
*913 Upon consideration of the merits, we adhere to Havris and adopt the dissenting panel opinion as the opinion and decision of this court.[2]-[3] Accordingly, the panel decision is vacated, the judgment below is reversed, and the cause is remanded with directions to cancel the deeds to Cournoyer and the Perezes and the Chase mortgage and for such further proceedings as are not inconsistent herewith.
Reversed and remanded.
HENDRY, DANIEL S. PEARSON and JORGENSON, JJ., concur.

. The rule provides:
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court’s decisions.
According to the committee commentary to the rule, while “maintenance of uniformity in the court’s decisions is the equivalent of decisional conflict as developed by [the] Supreme Court ... [t]he district courts are free ... to develop their own concept of decisional uniformity.” Beginning that process, we look first to the statement of the supreme court in Town of Enterprise v. State, 29 Fla. 128, 10 So. 740, 746 (1892) that the term “ ‘[u]niformity’ indicates ‘consistency,’ ‘resemblance,’ ‘sameness,’ a ‘conformity’ to one pattern.”
Applying these general criteria to the problem at hand is not an easy task. We do note, however, that a primary function of the en banc rule is to standardize the decisions of each district so as to minimize the importance of the “luck of the [appellate] draw,” see McAllister v. McAllister, 345 So.2d 352, 354 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla.1978) in presenting cases before our increasingly multi-member courts. Considered in that light, we believe that an appropriate standard or rule-of-thumb is the rather practical one that decisions lack uniformity whenever it appears that they are so inconsistent and disharmonious that they would not have been rendered by the same panel of the court. Since this is the case, as is forcefully shown by the fact that Fla.R.App.P. 9.331(b) provides for a hearing en banc to preserve “uniformity” before any decision or opinion has been rendered at all, the particular form in which the nonuniform results are expressed — whether by written opinion, per curiam affirmance or otherwise — cannot jurisdictionally matter, and is important only as a factor in the determination of whether the discretionary authority to grant an en banc hearing will be exercised. In this respect at least, there is an obvious distinction between “uniformity” and the prerequisite of “direct *913 conflict” between district court decisions which is necessary to support supreme court review jurisdiction. In the latter instance, because the emphasis is upon the reconciliation of differing legal precedents within the jurisdiction, see N & L Auto Parts Co. v. Doman, 117 So.2d 410, 412 (Fla.1960), the type of opinion or decision was of great significance even under the previous version of Art. V. § 3(b)(3), Fla. Const. (1972), see Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965), and is decisive under the present one. Art. V. § 3(b)(3), Fla. Const. (1980) (“expressly and directly conflicts”); Jenkins v. State, 385 So.2d 1356 (Fla.1980); Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla.1980).
The present case clearly falls within these guidelines. The general principles of constructive and implied actual notice of defects in title by which one is put on inquiry are so well established, e.g., Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648 (1932), and so clearly applicable to this case, Hagan v. Sabal Palms, Inc., 186 So.2d 302, 313 (Fla. 2d DCA 1966), cert. denied, 192 So.2d 489 (Fla.1966), that the judgment below could be affirmed only if a deed to a non-relative for love and affection alone is not invalid. (In fact, no other basis for the result has even been suggested.) Since, however, the Havris court held that it was, it is plain that the two conclusions cannot coexist. The en banc rule is available to resolve this contradiction in our decisions.

. See also, Lawyers’ Title Guaranty Fund, Title Note 10.03.05 (1979):
A. The question is whether a deed which recites the sole consideration as ‘love and affection’ where the deed fails to recite that the grantees are blood relatives of the grant- or is valid.
In Florida Nat. Bank & Trust Co., Etc. v. Havris, 366 So.2d 491 (Fla. 3d DCA 1979), a conveyance to a friend not related to the grantor was held invalid where love and affection was the consideration. In that case the court said that Florida courts have recognized love and affection, express or implied, with absence of other consideration, as adequate considerations where the relationship of the grantor and grantee has been a blood relationship or a relationship of marital affinity, which is the relationship of husband and wife.
A deed for love and affection is a voluntary act, and is not clear whether the grantee has any superior rights to the grantor or others holding under him. Triesbach [Triesback] v. Tyler [62 Fla. 580], 56 So. 947 (Fla.1911); Harrod v. Simmons, 143 So.2d 717 (Fla. 2d DCA 19.62); Tischler v. Robinson, 84 So. 914 (Fla.1920); and Money v. Powell, 139 So.2d 702 (Fla. 3d DCA 1962). Therefore, it is The Fund’s position that a title based on a deed reciting the consideration as ‘love and affection’ does not justify issuing a Fund policy to the grantee of such deed. It is also The Fund’s opinion that a title based on a deed from such grantee does not justify issuing a Fund policy unless it is first determined that such grantee is a blood relative of his grant- or.
For additional authority for the proposition that the face of the deed put subsequent purchasers to the duty of diligent inquiry which would have shown the extrinsic, non-record fact that the grantor and grantee were not related and that the deed was therefore void under Havris, see Hagan v. Sabal Palms, Inc., supra; Asisten v. Underwood, 183 Cal.App.2d 304, 7 Cal.Rptr. 84 (1960); Ochenkowsky v. Dunaj, 137 Misc. 674, 244 N.Y.S. 267 (Sup.Ct.1930), aff’d, 232 App.Div. 441, 251 N.Y.S. 589 (1931); Stevens v. American Savings Institution, Inc., 289 Or. 349, 613 P.2d 1057 (1980).

. We emphasize the limited nature of our ruling, which is determined by the express “love and affection” statement — the epitome of a “red flag” — on the face of the deed. If it had contained only the usual recital of a “good and valuable consideration,” Mrs. Ross could not have asserted, and a subsequent purchaser would, without more, not have been on notice that the consideration was legally insufficient and the deed invalid on that ground. See Mexican Crude Rubber Co. v. Ackley, 101 Fla. 552, 134 So. 585 (1930); Daniell v. Sherrill, 48 So.2d 736 (Fla.1950).